No. 21058.

ALBERTINE O. AGUILAR, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, *v.* JOHN HENRY HOLCOMB.
(395 P.2d 998)

Decided October 13, 1964.    Rehearing denied November 9, 1964.

Mr. Bert M. Keating, District Attorney, Second Judicial District, Miss Joann G. Ward, Deputy, Mrs. Orrelle Weeks, Deputy, for plaintiff in error.

Mr. Robert Bugdanowitz, for defendant in error.

*In Department.*

Opinion by Mr. Justice Day.

The parties were aligned in the trial court as here. We will refer to them as they there appeared.

Plaintiffs Albertine O. Aguilar and the County of Los Angeles, State of California, jointly filed a complaint in the Superior Court of Los Angeles County, she for support and the County for reimbursement under the "Uniform Reciprocal Enforcement of Support Act." In the action it was alleged that plaintiff Aguilar and the defendant John Henry Holcomb "were never married but had a casual relationship in Denver, Colorado, from early 1947 until April, 1950." Plaintiffs further *alleged* that the defendant is the father of two minor children

born to the plaintiff Aguilar and that these children were receiving public assistance from the County of Los Angeles, for which reimbursement was requested.

Pursuant to the Reciprocal Act enacted in 1961 (see Chapter 43, Article 4, 1961 Supp. C.R.S.) the action was docketed in the Denver District Court by filing copies of the California complaint, certificate from the Superior Court of the County of Los Angeles, and a copy of the Reciprocal Enforcement of Support Act of California, and the defendant was served in Denver. Defendant appeared and answered, denying that he was liable for the support of the children and denying that he was their father.

There was then presented to the District Court, by motion to dismiss, the issue whether the District Court had jurisdiction to determine the paternity while proceeding under the Uniform Reciprocal Enforcement of Support Act. The court granted defendant's motion to dismiss the complaint on the jurisdictional question, making the following ruling: "Now the court can't in this case find any duty of support lying on the defendant here because the court is going to rule that it does not have any jurisdiction to proceed to find that duty, by determining paternity * * * as a part of the Reciprocal Non-support Act."

We hold that the court was correct in so ruling. Applicable sections of the Act involved dispose of the jurisdictional question presented. Validity of the orders to furnish support and reimbursement are predicated upon a duty to support. The order by the California court that the defendant owes a duty of support to the children residing in California is not enforcible in Colorado. The question as to whether defendant has a duty to support these children, whom it is alleged are his— a fact put in issue upon which there is no proof— must be determined according to the laws of the State of Colorado. *Clarke v. Blackburn* (Fla. 1963), 151 So. (2d) 325; *Hardy v. Betz*, (N.H. 1963), 195 A.2d 582.

The Act so provides in C.R.S. '61 Supp., 43-4-7, as follows:

"Choice of Law. — (1) Duties of support applicable under this article are those imposed or imposable *under the laws of any state where the obligor was present* during the period for which support is sought. *The obligor is presumed to have been present in the responding state during the period for which support is sought until otherwise shown.*" (Emphasis supplied.)

The responding state is Colorado; the alleged casual relationship was in Denver, where, so far as the record shows, the defendant has remained during the ensuing thirteen years.

■ Liability for support of illegitimate children may be determined in the District Court in Colorado by virtue of paternity proceedings, C.R.S. '53, 22-6-1, et seq. The plaintiff is precluded from instituting action thereunder because of a limitation that the action may not be instituted after the child is 12 months old. C.R.S. '53, 22-6-6. The older child was, in January, 1963, 13 years old and the other 12 years old.

■ The only other statutory civil liability for support of illegitimate children which may be enforced in Colorado is under C.R.S. '53, 22-7-1 through 9, where children are found in the county to be dependent. One contributing to said dependency may be held responsible, but proceedings under this statute must be brought by a resident of the county. Also the Juvenile Court in Denver or the County Court in the other counties are given exclusive jurisdiction to enforce this statutory remedy. C.R.S. '53, 22-7-8.

■ There is no dispute that the paternity of the father was never established, and it was admitted in the brief that proceedings were never instituted under the appropriate Colorado statutes against the defendant. A determination of the type of duty to support claimed here could not be made in the Colorado District Court as ancillary to the proceedings under the Reciprocal

534

Enforcement of Support Act. The complaint was properly dismissed.

The judgment is affirmed.

MR. CHIEF JUSTICE MCWILLIAMS and MR. JUSTICE HALL concur.