No. 23891.

THOMAS LEE NYE *v.* THE DISTRICT COURT FOR THE COUNTY OF ADAMS IN THE SEVENTEENTH JUDICIAL DISTRICT, STATE OF COLORADO, AND THE HONORABLE JEAN J. JACOBUCCI, ONE OF THE JUDGES THEREOF.
(450 P.2d 669)

Decided February 24, 1969.

W. H. ERICKSON, JAMES J. MORRATO, for petitioner.

FLOYD MARKS, District Attorney, STANLEY B. BENDER and S. MORRIS LUBOW, Deputies, for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

IN this original proceeding, Thomas Lee Nye, hereinafter called the petitioner, requests that this Court issue a writ of prohibition to prevent the Adams County District Court, hereinafter called the respondent, from proceeding to determine the paternity of an illegitimate child in an action brought under the Uniform Reciprocal Enforcement of Support Act, C.R.S. 1963, 43-2-1 *et. seq.*

On October 9, 1968, Josephine Allen initiated proceedings under the Reciprocal Support Act in Indiana, alleging that the petitioner is the father of her minor child, and requesting an order of support. After appropriate proceedings, the cause was transferred to the respondent court, which issued a summons to the petitioner, who resides in Colorado. The record clearly reflects that Josephine and the petitioner have never been married, and that the child is illegitimate. In his answer to the petition for support, the petitioner denied the paternity of the child, and requested the respondent court to dis-

miss the action. Among other defenses, he alleged that the respondent court has no jurisdiction to determine the paternity of the child in a proceeding brought under the Reciprocal Support Act. The affidavit accompanying his answer states that the paternity of the child has never been adjudicated. The motion to dismiss having been denied, petitioner applied for, and we issued a rule to the respondent court and the judge thereof to show cause why the requested relief should not be granted.

■ Before a duty to support an illegitimate child can be imposed, it must be established that the person upon whom the obligation to support is imposed is, in truth, the father of the child. To support his contention that the respondent court has no jurisdiction to determine paternity in a proceeding brought under the Reciprocal Support Act, petitioner relies solely on *Aguilar v. Holcomb*, 155 Colo. 530, 395 P.2d 998. In *Aguilar*, as in the present case, a nonresident plaintiff brought an action under the Reciprocal Support Act requesting that a Colorado resident be ordered to support her illegitimate child. As in the present case, the paternity of the child had not been established. In *Aguilar* we held that a determination of the duty to support could not be made in our state district court in proceedings under the Reciprocal Support Act.

In an effort to distinguish *Aguilar* from the present case, the respondent contends that when *Aguilar* was promulgated, one was barred from bringing a paternity action after one year from the birth of the child, whereas the Children's Code now permits such an action to be brought within 5 years after the birth of the child. See 1967 Perm. Supp. C.R.S. 1963, 22-6-1. He points out that since the child involved here was born on April 13, 1966, a paternity action under the Children's Code would not be barred even now, insofar as the time limitation is concerned, and that therefore the rule of *Aguilar* should not apply.

■ Nevertheless, we have before us only the narrow

question whether the respondent court has the jurisdiction to determine the paternity of the child in proceedings brought under the Reciprocal Support Act, and not under the Children's Code. We said in *Aguilar* that there was no power under the Reciprocal Support Act to determine paternity. Because the legislature has met several times since *Aguilar* without amending the statute, we deem the construction which we have placed on the statute to have the approval of the people and to have become a part of the law of this state. See, *e.g.*, *Lyons v. Egan*, 110 Colo. 227, 132 P.2d 794. Under Colorado law, therefore, the respondent court has no power to determine the paternity of the child in the Reciprocal Support proceedings.

We have examined the cases cited by the respondent court and find nothing in them which would permit us to overrule *Aguilar v. Holcomb, supra*. It is for the legislature, and not for this Court, to amend the statute.

The rule is made absolute.