No. 23952.

THE PEOPLE OF THE STATE OF COLORADO IN THE INTEREST
OF AN UNBORN CHILD, UPON THE PETITION OF SHELBA J.
ESTERGARD *v.* GERALD EDWARD ESTERGARD.

(457 P.2d 698)

Decided August 5, 1969.

Max P. Zall, Attorney for the City and County of Denver, Frank A. Elzi and Robert A. Powell, Assistants, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

This is an action to determine the paternity of an unborn child. Pursuant to the terms of the Colorado Children's Code, 1967 Perm. Supp., C.R.S. 1963, 22-1-1, *et seq.* [hereinafter cited as the Children's Code], the petitioner, Shelba Estergard, filed a petition in which she named Gerald Estergard, the respondent, as the father of her unborn child, and requested an order of support. See Children's Code, 22-6-1, *et seq.* On the respondent's motion, the juvenile court dismissed the petition on the ground that it lacked jurisdiction over a

paternity action involving an unborn child. We disagree and therefore reverse the judgment of the trial court.

Pursuant to constitutional authorization, *Colo. Const.*, art. VI, § 15, the legislature has provided that the Denver juvenile court shall have exclusive original jurisdiction in the city and county of Denver "[t]o determine the paternity of a child and to make an order of support in connection therewith." 1967 Perm. Supp., C.R.S. 1963, 37-19-3(1)(i). Once a child is under its jurisdiction, the juvenile court may issue temporary orders providing for the protection, support, or medical or surgical treatment prior to adjudication or disposition of the child's case. 1967 Perm. Supp., C.R.S. 1963, 37-19-3(2). The Children's Code provides further that, "unless the context otherwise requires . . . 'child' means a person under eighteen years of age." Children's Code, 22-1-3(1) and (3).

Although the Children's Code does not expressly include an unborn child within its definition of "child," the legislature has nevertheless directed that the provisions of the Children's Code "shall be liberally construed" to carry out its purposes. Children's Code, 22-1-2(2). The stated purpose of the Children's Code, among others, is "[t]o secure for each child, subject to these provisions, such care and guidance . . . as will best serve *his welfare and the interests of society*" [emphasis added]. Children's Code, 22-1-2(1)(b).

In Colorado, we recognized early that the welfare of a child is well-served by proper care during pregnancy. In *Metzger v. People*, 98 Colo. 133, 53 P.2d 1189, we held that the legislature violates no constitutional principle by providing that "child" should include a human being upon conception and during pregnancy, as well as one actually born. We said further that:

"* * * It is no longer doubted that the months of prenatal existence are tremendously important ones from the standpoint of human welfare. The physical and mental conditions surrounding the expectant mother are

vital factors in the unfolding life of the child itself. Her lack of adequate nourishment and shelter, her bodily discomforts and hardships, the worries of mind usually accompanying the tragic situation which confronts us in such a case as this, are a proper basis for compelling the father of the unborn child to remove at least some of the disadvantages in these conditions." Also, see *McCoy v. People*, 165 Colo. 407, 439 P.2d 347.

The Children's Code, moreover, expressly provides that the order declaring paternity may direct the father to pay necessary expenses incurred by or for the mother in connection with her confinement, and such expenses in connection with her pregnancy as the court may find proper. Children's Code, 22-6-5(3)(d). A related statute makes it a felony for a man to fail to provide reasonable support for "the mother of his illegitimate child during childbirth and attendant illness." C.R.S. 1963, 43-1-1.

The purpose of the paternity article of the Children's Code is to provide a means to establish accurately the identity of the father of a child so that the responsibility for support of the child can be determined and support ordered. In view of the purpose of the article, we will construe "child" so as to accomplish the objective which the legislature intended. The definition of a "child" as a person under eighteen years of age "unless the context otherwise requires" further manifests the intention of the legislature that the word should be construed liberally to aid in implementing the purposes of the Children's Code. See Children's Code, 22-1-3(1).

To construe "child" so as to exclude an unborn child would permit the father of an unborn child to evade his responsibility for support by leaving the state at any time prior to the birth of the child. Cf. *Nye v. District Court*, 168 Colo. 272, 450 P.2d 669; *Aguilar v. Holcomb*, 155 Colo. 530, 395 P.2d 998. In both cases we held that a Colorado district court has no jurisdiction to determine the paternity of a child in proceedings under the Uniform Reciprocal Enforcement of Support Act.

Should other jurisdictions adopt our view of the Reciprocal Act, a mother in this state would have no other means available to obtain a support order against a father who left this state during the mother's pregnancy. Convinced that the legislature did not intend such a result, we will not construe the paternity article in such a way as to open the back door to a runaway father.

Another statute enacted by the legislature during the same session in which it approved the Children's Code suggests that the legislature intended the construction which we have given to the word, "child." A new birth registration statute, 1967 Perm. Supp., C.R.S. 1963, 66-8-12, requires a certificate of birth to be filed within seven days of the live birth of a child. Subsection (3) provides that if the mother was married at either conception or birth, the name of the husband shall be entered on the certificate "unless paternity has been determined otherwise by a court of competent jurisdiction." Similarly, if the mother was unmarried at either conception or birth, the name of the father shall be entered "if paternity has been determined by a court of competent jurisdiction." To hold that the juvenile court has no jurisdiction over a paternity action involving an unborn child would render ineffective the foregoing provisions, for the Children's Code itself provides that a paternity hearing shall not be held less than ten days after service of process. Children's Code, 22-6-3(3). Wherever possible, statutes must be reconciled, and effect must be given to each clause of the statutes, particularly where the statutes are enacted in the same session of the legislature. *Burton v. City and County of Denver*, 99 Colo. 207, 61 P.2d 856, 107 A.L.R. 564.

We hold, therefore, that the juvenile court had jurisdiction over the subject matter of the petition in this action from the moment it was filed in the juvenile court. Pursuant to the terms of 1967 Perm. Supp., C.R.S. 1963, 37-19-3(2), the juvenile court may, in its discretion in a proper case issue temporary orders providing for

protection, support or medical or surgical treatment as it deems in the best interest of the child prior to adjudication or disposition of the petition to determine paternity. On motion of the alleged father, however, the trial of the issue of paternity shall not be held until after blood grouping tests are available, as provided by the terms of the Children's Code, 22-6-4(3). See *Beck v. Beck*, 153 Colo. 90, 384 P.2d 731.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views expressed in this opinion.

MR. JUSTICE HODGES not participating.