498 P.2d 1166 (1972)
In re the PEOPLE of the State of Colorado in the Interest of D. R. B., Child.
Upon the Petition of A. R. B., Petitioner-Appellant,
And Concerning G. L. P., Respondent-Appellee.
No. 71-502.
Colorado Court of Appeals, Div. I.
May 2, 1972.
Rehearing Denied May 23, 1972.
Certiorari Granted July 10, 1972.
John Anderson, Canon City, for petitioner-appellant.
No appearance for respondent-appellee.
Selected for Official Publication.
ENOCH, Judge.
The appellant initiated a paternity proceeding by the filing of a petition in the trial court in Colorado as provided for in 1967 Perm.Supp., C.R.S.1963, 22-6-1 et seq., requesting that the court declare the appellee to be the father of her child and to order support payments. The petition alleges only that appellee is the father, that he is a resident of North Carolina, that the appellant is the mother and that the child was born in Colorado. Copies of the petition and summons were served on the appellee in the state of North Carolina. The appellee did not enter an appearance in the trial court and has entered none in the appeal. The trial court, on its own motion, determined that the court had no jurisdiction over the appellee and dismissed the petition. We affirm.
*1167 The question on appeal is whether in a paternity action initiated by the mother who is a resident of Colorado, a Colorado court has personal jurisdiction over a non-resident, alleged father, by virtue of personal service in the foreign state pursuant to 1965 Perm.Supp., C.R.S.1963, 37-1-26(c) (long-arm statute).
1965 Perm.Supp., C.R.S.1963, 37-1-26 provides in part:
"Jurisdiction of courts.(1) (a) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person, and, if a natural person his personal representative, to the jurisdiction of the courts of this state, concerning any cause of action arising from:
. . . . . .
"(c) The commission of a tortious act within this state; . . ."
Appellant contends that in Colorado the failure of a father to support an illegitimate child constitutes a "tortious act" within the meaning of 1965 Perm.Supp., C.R.S.1963, 37-1-26(c). Appellant thus concludes that because the appellee has committed a "tortious act" (failure to support the child) in Colorado, he has submitted himself to the jurisdiction of the Colorado courts concerning any cause of action arising from such act under the provisions of the longarm statute. Appellant cites Poindexter v. Willis, 87 Ill.App.2d 213, 231 N.E.2d 1 in support of her position.
In the Poindexter case, the Illinois mother initiated a paternity proceeding in Illinois and obtained personal service on the non-resident alleged father in Ohio under the Illinois long-arm statute. The Illinois court concluded that the "failure of the father to support an illegitimate child constitutes a tortious act within the meaning of the statute and subjects him to the jurisdiction of the Illinois courts . . . ."
Assuming, arguendo, that the failure of a father to support his illegitimate child is a "tortious act", this does not determine the key issue. The Illinois court and appellant both skirt the fact that before a duty to support can be imposed, it must first be established that the person upon whom the support obligation is to be imposed is, in truth, the father of the child. Nye v. District Court, 168 Colo. 272, 450 P.2d 669, Aguilar v. Holcomb, 155 Colo. 530, 395 P.2d 998. Thus, the initial and primary question before a court in a paternity proceeding is whether the respondent is, in fact, the father of petitioner's child and the court must have jurisdiction over the respondent to make this determination. To determine that the trial court in this case had personal jurisdiction over the appellee by virtue of the service under the long-arm statute would require a judicial determination that the fathering of a child in and of itself is a "tortious act." Although our Supreme Court has said that the term, "tortious act," is to be liberally construed to carry out the intent of the legislature, Vandermee v. District Court, 164 Colo. 117, 433 P.2d 335, it cannot be so liberally construed as to create a tort. The fathering of an illegitimate child in and of itself is not a "tortious act." See C.R.S.1963, 41-3-1, which abolishes civil causes of action for criminal conversation and seduction. Since the petition did not allege a tortious act committed in Colorado, the trial court was correct in its determination that it had no jurisdiction over the appellee by virtue of the service made under the long-arm statute.
Judgment affirmed.
SILVERSTEIN, C. J., and DWYER, J., concur.