MR. JUSTICE ERICKSON
delivered the opinion of the Court.
Pursuant to C.A.R. 21, the petitioner sought relief in the nature of prohibition. We issued a rule to show cause and now make that rule absolute.
Petitioner, Fredrick Lee Franklin, is the defendant in a paternity action brought by the Pueblo County Department of Social Services, pursuant to section 19-6-101(1), C.R.S. 1973. Petitioner filed a motion in that action, requesting that blood grouping tests be performed and that the court order that he be relieved from the costs of the tests, because he was an indigent. The respondent court granted the motion for the blood tests but held that the petitioner would have to bear the costs of the tests.
Petitioner contends that his rights to equal protection and due process under the Fourteenth Amendment to the United States Constitution will be violated as a result of the district court’s action, since the effect of the court’s decision is to require him to proceed to trial without the benefit of the blood grouping tests. We agree.
Two statutory provisions establish the right of an alleged father to blood grouping tests:
Section 19-6-104(3), C.R.S. 1973.
“(3) Upon motion of the alleged father, blood grouping tests may be ordered and the results received in evidence, as provided in 13-25-126, C.R.S. 1973.”
Section 13-25-126, C.R.S. 1973.
“(a) In any action, suit, or proceeding in which the paternity of any child is at issue, upon motion of the alleged father, the court shall order the mother, her child or children, and the alleged father to submit to one or *191 more blood grouping tests. If any party refuses to submit to these tests, the court may resolve the question of paternity against such party or enforce its order if the rights of others and the interests of justice so require.
“(b) The tests shall be conducted by a duly qualified physician or other duly qualified person, who shall be an expert witness. Costs of any such expert witness shall be fixed at a reasonable amount and shall be paid as the court orders.”
This court has held that this statute entitles the putative father, as a matter of right, to have the blood grouping tests made and received into evidence when definite exclusion is established and a proper foundation is laid. Beck v. Beck, 153 Colo. 90, 384 P.2d 731 (1963). Upon motion by the alleged father, trial of the paternity issue cannot be held until after blood grouping tests are available. People In Interest of Unborn Child v. Estergard, 169 Colo. 445, 457 P.2d 698 (1969).
If the results of the blood grouping tests are undisputed and in the defendant’s favor, the defendant cannot be found to be the father. Section 13-25-126(l)(c)(I), C.R.S. 1973. It has been estimated that with the aid of blood grouping tests, based upon each of the three blood type classifications, A-B-O, M-N, and Rh-hr, a man falsely accused has a 55% chance of proving his non-paternity. Keefe and Failey, A Trial of Bastardy is a Trial of the Blood, 34 Cornell L.Q. 72 (1948); accord, State v. Fowler, 277 N.C. 305, 177 S.E.2d 385 (1970).
We are in agreement with the approach outlined by the court in People v. Doherty, 261 App.Div. 86, 24 N.Y.S.2d 821 (1941):
“[W]e think the correct practice would have been for the court to have granted a reasonable adjournment to enable the defendant to procure a reputable physician to perform the test on the court’s order; but if it appeared that the defendant was financially unable to provide for such a test, a physician should have been appointed by the court, and a reasonable fee therefor should have been made a county charge. The language of the statute is mandatory, and the right given thereunder should not be made dependent upon the financial resources of the defendant. . . .”
The right to have blood tests performed cannot be denied an indigent defendant without violating the equal protection clause of the Fourteen Amendment of the United States Constitution.[1]
Accordingly, the rule is made absolute, and the district court is directed to determine whether the petitioner is, in fact, indigent and unable to pay for blood grouping tests and, if so, to order the blood grouping tests be made at county expense.

Other courts have characterized paternity actions as being “quasi-criminal” in nature and have analogized the cost of blood grouping tests to the cost of trial transcripts in criminal actions under Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). See Walker v. Stokes, 45 Ohio App.2d 275, 344 N.E.2d 159 (1975); Commonwealth v. Possehl, 355 Mass. 575, 246 N.E.2d 667 (1969).