MR. JUSTICE GROVES
delivered the opinion of the Court.
*130 This is an original proceeding in an election matter. We issued a rule to show cause as to why the requested relief should not be granted. An answer was filed, and we now discharge our rule as improvidently granted.
The allegations of the petition filed herein were to the following effect: The petitioner was elected to the office of County Commissioner of Pueblo County in the general election held on November 7, 1978. He had won in the Democratic primary election held on September 12, 1978. William Gradishar, the incumbent county commissioner, and another person were the other candidates at that election. Following the primary election, Gradishar filed an election contest in the District Court of Pueblo County on the grounds that the petitioner was not a resident as required by law. This case was dismissed for failure to comply with the procedures contained in section 1-10-114, C.R.S. 1973. After the general election Gradishar commenced a second election contest in the Pueblo District Court, predicated upon the same grounds, and he posted bond in the amount of $250. The statute provides that such a bond shall be “conditioned to pay all costs in case of failure to maintain [the] contest.” Section 1-10-110(2), C.R.S. 1973. The district judge denied a motion to increase the amount of bond, ruling that attorneys’ fees and certain other designated expenses were not included in the word “costs.” In the original proceeding brought here it was requested that we direct the district court to require a cost bond in a much greater amount.
When we first considered the petition and issued the rule, we were impressed with the argument that attorneys’ fees and other designated expenses should be a part of “costs.” The petitioner’s brief stated:
“A defeated and disgruntled candidate should not be allowed to use the courts to force a duly elected official to repeatedly expend large sums of money to defend against frivolous challenges unless the contestor posts a bond sufficient to cover all costs of the contest, including attorneys’ fees, travel expenses, and deposition costs.”
Now, on further, reflection, we have concluded that, if such an interpretation of “costs” is to be made, it should properly be performed by the General Assembly, and not by the judiciary. This court has held rather uniformly that attorneys’ fees cannot be recovered either as damages or as costs unless specifically provided for by contract or by statute. Williams v. Fidelity and Deposit Co., 42 Colo. 118, 93 P. 1119 (1908). Particularly see, Leadville Water Co. v. Parkville Water District, 164 Colo. 362, 436 P.2d 659 (1967), and cases cited therein.
From the not infrequent amendments made to our election laws, it is apparent that the General Assembly has over the years given considerable attention to these laws. It cannot be unmindful of our construction of the word “costs” and, if it disagreed with that interpretation, it has been free to change it. It has not done so. We believe that any change should be made by the General Assembly and not by us. Music City, Inc. *131 v. Estate of Duncan, Deceased, 185 Colo. 245, 523 P.2d 983 (1974); Nye v. District Court, 168 Colo. 272, 450 P.2d 669 (1969).
Accordingly, the rule is discharged as having been issued improvidently.
MR. CHIEF JUSTICE HODGES does not participate.