## WOOD *v.* KAUFMAN.

1. CONDITIONAL SALES — RESCISSION — RECOVERY OF PAYMENTS—
   COMMON COUNTS.

   Payments made upon a contract for the conditional sale of
   goods may be recovered under the common count for money
   had and received, where the seller, without demanding pay-
   ment of the balance of the purchase price, terminates the
   contract by selling the goods to another.

2. WITNESSES — AGENTS — CONSTITUTIONAL LAW.

   Act No. 239, Pub. Acts 1901, providing that no person who
   may have acted as agent in making or continuing a contract
   with a person since deceased shall be a competent witness, in
   a suit involving the contract, as to matters occurring prior
   to the death of the deceased, against his legal representatives
   or heirs, is constitutional.

Error to Marquette; Stone, J. Submitted October 7,
1903. (Docket No. 246.) Decided November 9, 1903.

*Assumpsit* by James C. Wood, administrator *de bonis
non* of the estate of Joseph Pope, deceased, against
George Kaufman and Fred Kaufman, for money had and
received. From a judgment against defendant George
Kaufman, he brings error. Affirmed.

*James H. Clancy*, for appellant.

*James C. Wood, in pro. per.*

HOOKER, C. J. This cause was tried by the court
without a jury, resulted in a judgment for the plaintiff
against George Kaufman, and is here upon a finding of
fact and law by writ of error taken by the defendant
George Kaufman. In substance, the finding shows that
the defendant sold to the plaintiff's intestate, Pope, a
horse, buggy, and harness for $350, $175 of which was
paid to his son (who made the sale) at the time of pur-

chase; that such sale was a conditional one, the title to remain in defendant George Kaufman, and the property to be kept in defendant's barn, until paid for. Pope died, and after his death the property remained in Kaufman's possession, and was finally sold by him. There was no evidence of a forfeiture clause in the contract. The action was brought to recover the money paid; *i. e.*, $175. The court held that the defendant terminated the contract by selling the property without demand of payment, and gave judgment for the plaintiff as stated, basing his conclusion upon the cases of *Preston* v. *Whitney*, 23 Mich. 260, and *Ryan* v. *Wayson*, 108 Mich. 522 (66 N. W. 370). A motion for new trial on the ground that the judgment was contrary to the law and the evidence was denied.

Defendant's counsel claims that the plaintiff was not entitled to recover upon a declaration consisting of the common counts, and that the statute (Act No. 239, Pub. Acts 1901) under which the testimony of Fred Kaufman, agent of defendant George Kaufman, was excluded, is unconstitutional.

It is said that the court erred in his finding of fact in relation to a conversation between Kaufman and Thomas, where it was found that the former is said to have stated that the horse did not belong to Pope, and refused to let Thomas have him. We need not investigate the accuracy of this statement in the opinion. There was evidence tending to show such claim and refusal to deliver the horse to the representatives of deceased, and the subsequent conversion of the property, and the finding of fact is supported by the proof in the case.

We think a count for money had and received was a sufficient declaration (*Davis* v. *Strobridge*, 44 Mich. 157 [6 N. W. 205]), and that the statute in question is not unconstitutional, while the cases cited support the conclusion of law.

The judgment is affirmed.

The other Justices concurred.