## No. 11,687.

### ESTATE OF DURANT.

### WILSON *v.* WARNER, ADMINISTRATOR.

Decided January 23, 1928. Rehearing denied February 14, 1928.

On claim against the estate of a deceased person. Claim disallowed.

### *Affirmed.*

1. WITNESSES—*Competency—Administrators.* On trial of a claim against the estate of a deceased person, objection to the offer of claimant "to identify his book account which we expect to offer in evidence," as incompetent, properly sustained under C. L. § 6556.

2. STATUTES—*Witnesses—Construction.* C. L. § 6557, does not constitute an amendment of, nor exception to, C. L. § 6556, concerning witnesses.

*Error to the District Court of the City and County of Denver, Hon. J. C. Starkweather, Judge.*

Mr. PERRY BEHYMER, Mr. RILEY R. CLOUD, for plaintiff in error.

Mr. GOLDING FAIRFIELD, for defendant in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error, hereinafter referred to as plaintiff, filed a claim against the estate of Durant. It was disallowed by the county court and on appeal a like judgment was entered by the district court. To review that judgment plaintiff sues out this writ.

Plaintiff's counsel offered him as a witness "to identify his book account which we expect to offer in evidence." This was objected to as incompetent and the objection was sustained. Error assigned on this ruling presents the only question here requiring consideration.

Assuming, but not deciding, that the offer was sufficient, the ruling was correct. "No party to any civil action, * * * shall be allowed to testify therein, of his own motion, or in his own behalf, * * * when any adverse party sues or defends as the * * * administrator * * * of any deceased person, * * * " § 6556, C. L. 1921.

Plaintiff claims the right to introduce the evidence in question under the following section: "When in any civil action, suit or proceeding, the claim or defense is founded on a book account, any party or interested person, * * * may testify to his or their account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made by himself or his employe, and are true and just, * * * and were made * * * in the usual course of trade, * * * and thereupon the said account book and entries shall be admitted as prima facie evidence in the case upon the matters as shown by said account book." § 6557, C. L. 1921.

Plaintiff says the last section amends the first and constitutes an exception to it. With this we cannot agree. These sections (so far as the language here in question is concerned) were first adopted in 1870 and are a part of

the same act. L. 1870, p. 62. Neither amends the other. The first is section 2 of that act and the last is section 3. Following said provisions of section 2 are five of the seven exceptions which now form a part of said section 6556, each set out in a distinct paragraph. Had it been the intention of the legislature to make book accounts also an exception it would have included them among the others. The judgment is accordingly affirmed.