FISHER v. SUPER MOTOR SALES CO.

1. PLEADING—AMENDMENT—COMMON COUNTS.

In action by buyer of automobile against seller, where original declaration was amended by adding common counts, and no election was required, plaintiff was entitled to go to jury on any claim within purview of pleading and evidence, although original declaration and bill of particulars warranted assumption that title to car had passed to him, barring recovery in absence of rescission or proof of damages pertinent to said theory.

2. SALES—BREACH OF CONTRACT—PASSING TITLE—RECOVERY OF DOWN PAYMENT UNDER COMMON COUNTS.

Where seller of automobile breached contract of sale by refusing to deliver after receiving down payment, title did not pass to buyer under 3 Comp. Laws 1915, § 11850, rule 5, and he had right to treat contract as ended and recover down payment under common counts.

Error to Saginaw; Martin (William H.), J. Submitted June 4, 1929. (Docket No. 8, Calendar No. 33,953.) Decided July 8, 1929.

Assumpsit by Carl Fisher against the Super Motor Sales Company, a corporation, for the down payment on an automobile purchase contract. From a judgment for defendant, plaintiff brings error. Reversed, and new trial ordered.

*George C. Ryan,* for plaintiff.

*Purcell & Picard,* for defendant.

FEAD, J. Defendant, a corporation, had directed verdict and judgment. The record is not at all satis-

As to right of purchaser, on failure of seller to deliver property, to rescind contract and recover money paid, see annotation in 30 L. R. A. 50.

factory, important exhibits having been omitted and many uncertainties appearing, but it bears the usual certificate of the court that it contains the substance of all the testimony, and, taking it as it is, it discloses the following evidence favorable to plaintiff:

The Super Motor Sales Company, a partnership, owed plaintiff over $600 for labor, paid him about one-half, and retained $332.99 to be applied later on purchase of a car by plaintiff. The partnership incorporated as defendant here and assumed the obligations of the firm, including the debt owing to plaintiff. Some time later defendant agreed to sell a car to plaintiff, crediting as cash payment on the contract $345, representing the debt owing plaintiff, with interest agreed upon. Defendant agreed to deliver the car, but refused to do so. No justification for the refusal appears in the record.

The court apparently assumed plaintiff's theory to be that title to car had passed to him and directed verdict because there had been no rescission nor proof of damages pertinent to the theory. Plaintiff's original declaration and bill of particulars afforded excuse for the evident assumption of the court. However, plaintiff had amended his original declaration by incorporating the common counts in assumpsit. No election was required of him, no statement of his theory appears in the record, and it does not disclose assertion or contention which would foreclose him from going to the jury upon any claim within the purview of his pleadings and evidence. His testimony covered no showing of damages other than the down payment, and he urges that he had the right to recover this amount under his pleadings.

By refusing to deliver the car as agreed defendant breached the contract of sale, and title did not pass

to plaintiff.  3 Comp. Laws 1915, § 11850, rule 5. Plaintiff then had the right to treat the contract as at an end and recover the down payment under the common counts.  *Beardslee* v. *Horton,* 3 Mich. 560; *Wood* v. *Kaufman,* 135 Mich. 5; *Harty* v. *Teagan,* 150 Mich. 75; *Kuchenmeister* v. *Dusza,* 218 Mich. 497; 35 Cyc. p. 603; 41 C. J. pp. 29, 30.

Judgment will be reversed, and new trial ordered.

NORTH, C. J., and FELLOWS, WIEST, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.