*In re* ESTATE OF HAROLD W. SEGUR—(ROGER L. SEGUR, Co-Exr., Plaintiff-Appellee, *v.* H. W. JACOBY, Defendant-Appellant.)

(No. 71-167;

Third District—May 16, 1972.

*Rehearing denied June 2, 1972.*

Stanley A. Durka, of Watseka, for appellant.

William E. Eaken, of Kankakee, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant H. W. Jacoby appeals from an order of the Circuit Court of Iroquois County denying his motion to open the judgment by confession obtained by the Estate of Harold W. Segur, acting through the executor Roger L. Segur.

It appears from the record, notably the promissory note, that on September 29, 1967, defendant H. W. Jacoby, executed a promissory note on a judgment note form, which showed (in the upper corner space provided to designate the principal sum) that the principal sum thereof was $4,000. By its terms it was specified that interest was to be paid on the note at the rate of 6% per annum from date. With the blanks filled in on the note it read:

"One Year and each anniversary thereafter after date, for value received, we or either of us, promise to pay Harold W. Segur, or order, One Thousand Dollars ($1,000.00) per year plus interest on each anniversary thereafter until Four Thousand Dollars ($4,000.00) has been paid."

The note also contained the usual judgment clause, and, likewise, had a provision for payment of attorney's fees and costs, with attorney's fees to be $20 plus 5% in excess of $500 of amount of principal and interest unpaid at time of entry of judgment. Judgment was taken on the note in the sum of $4,000 as principal with $860 as interest and $238 as attorney's fees, on May 10, 1971, being a total of $5,098 plus costs as the amount of such judgment.

On May 24, 1971, defendant filed a motion to vacate the judgment supported by affidavits of defendant and his counsel and accompanied by a proposed answer. This motion to vacate asserted that the debt sued upon was not in fact due. It was first stated that $240 in interest had been paid on October 28, 1968, and, also, that decedent and defendant had entered into an oral agreement extending the due date of the principal and interest to January 1, 1975. The affidavit of defendant's counsel simply related to the question of due diligence and did not involve evidentiary matters. After defendant's motion to open the judgment had been filed, plaintiff-executor moved to strike defendant's affidavit on the ground that defendant was rendered incompetent as a witness under the terms of the so-called "Dead Man's Act". (Illinois Revised Statutes

1971, ch. 51, § 2.) The trial court sustained plaintiff's motion to strike, but granted defendant additional time to submit competent evidence in affidavit form or otherwise to support the motion to vacate. When defendant failed to submit further evidence the court denied the motion to open the judgment.

Defendant contends the promissory note should be construed as against plaintiff and that the maximum which could be due and owing from defendant to plaintiff was less than the amount of the judgment, and, also, that the judgment failed to reflect a credit in favor of defendant in the sum of $240 for interest paid October 28, 1968. It is also contended that the notation of $240 of interest paid constitutes a sufficient memorandum in writing of the alleged oral agreement between plaintiff's decedent and defendant as set forth in defendant's affidavit. It is argued that such notation made by decedent to show payment of interest, in some obscure manner, takes the case "out of the purview of the Dead Man's Act" or that, if it does not, that the statue is unconstitutional.

■■ Under the law of this State, a motion to open a judgment by confession must be supported by the affidavit of a witness who is competent to testify as to matters set forth in the affidavit. Supreme Court Rule 276 (Ch. 110A § 276, 1971 Illinois Revised Statutes) requires that a motion to open a judgment be supported by an affidavit in the same manner as provided by Supreme Court Rule 191 for summary judgment. Under such Rule 191 it is required that the affidavit shall affirmatively show that "affiant if sworn as a witness can testify competently thereto". The Rules, therefore, specifically provide that unless an affiant is a competent witness, his affidavit is subject to a motion to strike. In *Classen v. Heil*, 330 Ill.App. 433, 436, 71 N.E.2d 537, 538, the court specifically stated:

"As to the defendant signing the attached affidavit, there is no question that he would have been an incompetent person to testify at the trial had the plaintiff objected because he was an adverse party defending in a suit brought by the administrator of a deceased person. By the same token, the defendant was an improper party to the affidavit, had the plaintiff objected."

This same rule is clearly expressed in *Scheinfeld v. Muntz TV, Inc.*, 67 Ill.App.2d 8, at 12, where the court states that a motion to open a judgment by confession must affirmatively show that the affiant if sworn as a witness could competently testify to the facts set forth in the affidavit.

■■ It is obvious that under the provisions of the Illinois Revised Statutes, Ch. 51 § 2, sometimes described as the "Dead Man's Act", the defendant would be incompetent to testify since he was a party to the action brought by the executor on behalf of the decedent's estate. It has been stated that the purpose of the Act was to remove the temptation of

a survivor to testify to matters which could not be answered by reason of the death of the decedent.

■■ Since the defendant has failed to show, by competent affidavit, matters which would constitute a defense to the action on the promissory note, the trial court was correct in denying the motion to open judgment by confession to pemit defendant to make a showing of the alleged oral agreement to extend the time of payment.

■■ From an examination of the note and the interest payments credit thereon, however, we can determine that there was payment of $240 made at the end of the first anniversary of the note, but no payments are shown thereafter or were in fact made. In our analysis of the note and the obligation represented thereby it is apparent that $4,000 of principal was unpaid as well as interest for the second and third years following the issuance of the note, together with interest for that portion of the fourth year to May 10, 1971, the date of the judgment which we compute at $147, so that the amount of principal of $4,000 together with interest of $627 was due and owing on May 10, 1971. In addition thereto, attorney's fees in the sum of $226.25 were likewise payable thereon making a total payable as shown by the face of the note and the notation on the reverse side thereof, of $4,853.25. Since we can compute this modification without reference to the affidavit of the defendant, we are modifying the judgment in this Court to reduce the amount of such judgment from the amount as actually entered in the sum of $5,098 to the sum of $4,853.25, and such modified judgment shall be duly noted and entered in the trial court upon remandment of this cause for such purpose.

■■ Defendant has also contended that the "Dead Man's Act", as applied to motions to vacate judgments by confession, is unconstitutional under the Federal Constitution and, also, under the Constitution of the State of Illinois. While we do not believe that this contention is sound we see nothing of record in the motion to vacate and proceedings in the trial court which indicate that this issue was presented to the trial court. Normally, if such situation exists, issues which have not been raised in the trial court cannot be argued for the first time on appeal (*Little Sister Coal Corporation v. Dawson*, 45 Ill.2d 342, 349, 259 N.E.2d 35, 39). It appears that the only point which was raised in the trial court was the correctness of the trial court's ruling in striking defendant's affidavit by reason of the effect of the "Dead Man's Act" as to defendant in this cause. In any event, we see no basis for finding the Section 2 of Chapter 51 of the Illinois Revised Statutes unconstitutional. *Cf. Lueth v. Goodknecht*, 345 Ill. 197, 177 N.E.2d 690.

For the reasons stated, therefore, we find that the trial court was cor-

rect in striking defendant's affidavit and in refusing to open the judgment by confession in absence of competent evidence in support thereof. We find, however, that a modification of the judgment based on an examination of the note as indicated heretofore in this opinion should be made. This cause is, therefore, remanded for the sole purpose of having the judgment heretofore entered herein vacated and judgment in the sum of $4,853.25 entered in lieu thereof.

This cause will, therefore, be remanded for such limited purpose.

Remanded with directions for modification of judgment.

STOUDER, P. J., and SCOTT, J., concur.