DUBOIS COUNTY MACHINE COMPANY, INC. *v.*
MRS. LEO BLESSINGER ET AL.

[No. 1-373A44. Filed July 26, 1973. Rehearing denied September 11, 1973. Transfer denied December 19, 1973.]

*John D. Clouse*, of Evansville, for appellant.

*Clemence A. Nordhoff*, of Jasper, for appellees.

ROBERTSON, P.J.—Plaintiff-appellant (Dubois) sought injunctive relief against the defendant-appellees (heirs) to prevent interference with an alleged easement which crossed a corner of the heirs' real estate. At the conclusion of Dubois' evidence, the heirs successfully moved for a judgment on the evidence. The trial court, among other things, specifically found that Dubois failed to prove the existence of an oral agreement which would have permitted Dubois use of a driveway and parking area.

During the trial of the cause, Edwin A. Vogler, President of Dubois, was asked a series of questions dealing with a conversation with Leo Blessinger. Blessinger had sold Dubois the tract of ground adjacent to his property. Blessinger died about two years after the sale. The series of questions was for the purpose of proving an oral agreement for an easement on the property in question. Counsel for the heirs objected to each question with the grounds being the dead man statute,

IC 34-1-14-7, Ind. Ann. Stat. § 2-1716 (Burns 1968). The objections were sustained with a resultant offer to prove. Other evidence disclosed joint use by Dubois, Blessinger and his heirs and lessees for a period of about seventeen years.

Prior proceedings in this cause resulted in an earlier appeal when the heirs were granted summary judgment. *Dubois County Machine Company* v. *Blessinger* (1971), 149 Ind. App. 594, 274 N.E.2d 279. The trial court was reversed and the case was remanded with a holding that a genuine issue of material fact existed on whether the oral agreement would qualify as a past performance exception to the Statute of Frauds and whether the oral agreement was merged with the deed or was it a collateral transaction.

We are of the opinion that the two errors argued in Dubois' overruled motion to correct errors present no reversible error. These two issues present the questions of whether a prima facie case was made and if error existed in excluding certain testimony because of the dead man statute.

One theory advanced by Dubois is based upon "the law of the case." The earlier appellate opinion, in discussing an affidavit made by Vogler in opposition to the motion for summary judgment, said:

"Even disregarding those parts of the affidavit which would not be admissible as evidence, the record reveals that there was a genuine issue of material fact." 274 N.E.2d at 282.

Dubois says that their proof parallels those admissible averments, therefore a prima facie case was made. Dubois also jointly argues that in any event there was sufficient evidence to support their theories of either an easement by acquiescence or a parol grant of an easement by circumstantial evidence.

Assuming, arguendo, the correctness of these theories, it remains the plaintiff's responsibility to sustain his respective burdens of proof as they may apply at the various stages of the trial.

A review of the evidence reveals the trial judge was justified in finding as he did. There is an absence of evidence to sustain a finding that the conduct of Dubois created a legally recognizable form of an enforcible easement.

Dubois' first argument directed to the dead man statute is that it contravenes the equal protection clauses of the state and federal constitutions. Broadly speaking:

". . . the constitutional guaranties of equal protection do not prohibit legislative classification and imposition of statutory restraints on one class which are not imposed on another, but merely require statutory classifications to be reasonable and not arbitrary. Reasonableness of classification is established by a comparison of the classification with the purpose of the legislation to determine if the classification bears a substantial relation to the objective sought to be achieved by the Legislature. Classification for legislative purposes, in order to be reasonable and not arbitrary, must rest on grounds of difference fairly related to the object of the legislation, so that all persons in similar circumstances are treated alike." (Footnotes omitted). 5 I. L. E. Constitutional Law § 182, p. 464

It is our belief that the classification embodied by the legislature in the dead man statute does not violate the appropriate constitutional clauses under the facts of this case.

Dubois next contends the dead man statute does not apply to a corporation. It has long been the law that a witness adverse to the estate and who has an interest in the result, of the case is not competent under the dead man statute. See: *Orndorf* v. *Jeffries* (1910), 46 Ind. App. 254, 91 N.E. 608. Witness Vogler, President of Dubois, is possessed of both attributes and, therefore, not a competent witness as to matters occurring prior to Leo Blessinger's death.

Dubois also argues that admission of incompetent evidence would be permissible because they had made a prima facie

case. Our previous discussion on that aspect of the case does not sustain that argument.

An attorney filed an evidentiary affidavit in the summary judgment proceedings setting forth Leo Blessinger's will, the deed from Blessinger to Dubois, and that he was the attorney for the defendants. Dubois contends that the affidavit brings the following statute into play:

> "When, in any case, an agent of a decedent shall testify on behalf of an executor, administrator or heirs, concerning any transaction as having been had by him as such agent, with a party to the suit, his assignor or grantor, and in the absence of the decedent, or if any witness shall, on behalf of the executor, administrator or heirs, testify to any conversation or admission of a party to the suit, his assignor or grantor, as having been had or made in the absence of the deceased, then the party against whom such evidence is adduced, his assignor or grantor, shall be competent to testify concerning the same matter. * * *" IC 34-1-14-8, Ind. Ann. Stat. § 2-1717 (Burns 1968)

If the attorney was an agent as contemplated by the above-quoted statute, and if the affidavit was testimony as contemplated by the statute, Vogler's competency would be restored as to the deed and will. It has been determined that "the same matter" is restricted to rebuttal of matters opened by the agent's testimony much in the same manner as the scope of cross-examination concept. Compare: *Guthiel* v. *Dow* (1912), 177 Ind. 149, 97 N.E. 426. Since the deed and will were in evidence as exhibits we do not see where Dubois would be helped by the application of the above statute.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 299 N.E.2d 207.