## No. 26133

## Music City, Inc. v. Estate of James Duncan, Deceased
(523 P.2d 983)

Decided June 17, 1974.                    Rehearing denied July 15, 1974.

246

Gelt and Grossman, Sydney H. Grossman, Herbert H. Galchinsky, for plaintiff-appellant.

Ross and Frederick, Michael J. Frederick, Herman A. Ratner, for defendant-appellee.

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

Plaintiff-Appellant Music City, Inc. brought suit against decedent's estate for money allegedly owed by the decedent, James Duncan. The debt at issue was the result of a

promotional sales agreement between Duncan and Music City. At the proceeding against the estate for the money, Hal E. Davis, vice-president and stockholder in Music City, was called as a witness to lay a foundation for the introduction of Music City's book account entries. Defendant objected to Davis' testimony, arguing he was disqualified under the "Dead Man's Statute," C.R.S. 1963, 154-1-2, which provides, in part:

"154-1-2. *Party in interest may not testify, when.* — (1) No party to any civil action, suit or proceeding, or person directly interested in the event thereof, shall be allowed to testify therein, of his own motion, or in his own behalf, by virtue of section 154-1-1, when any adverse party sues or defends . . . as the executor or administrator, heir, legatee or devisee of any deceased person, . . ."

The trial court found that a stockholder of a claimant corporation is an interested party within the meaning of the Dead Man's Statute, and therefore incompetent to testify. Without the book account entries which plaintiff sought to introduce, there was no evidence of the amount of the claim, and the action was, therefore, dismissed.

Music City appeals that judgment, alleging first that although Davis is a stockholder and officer of claimant corporation, and thus an interested person within the meaning of the Dead Man's Statute, he is nevertheless a competent witness to lay the foundation for the introduction of book entries into evidence, pursuant to the Book Account Statute, C.R.S. 1963, 154-1-3, which provides as follows:

"154-1-3. *Book account, how identified.* — When in any civil action, suit or proceeding, the claim or defense is founded on a book account, any party or interested person, association or company, may testify to his or their account book and the items therein contained; that the same is a book of original entries, and that the entries therein were made, by himself or his employee and are true and just; or that the same were made by a deceased person, or by a disinterested person, a nonresident of the state, at the time of the trial, and were made by such employee, deceased or nonresident person in

the usual course of trade, and of his duty or employment to the party so testifying; and thereupon the said account book and entries shall be admitted as prima facie evidence in the case upon the matters as shown by said account book."

Additionally, Music City contends that the Dead Man's Statute is unconstitutional on several grounds. The major arguments presented are that it denies due process, equal protection of the laws, and is a legislative usurpation of the judicial function of determining a witness' credibility.

I.

■ In the case of *In Re Durant's Estate,* 83 Colo. 280, 264 P. 657, this Court, faced with the same issue we have before us today, held that an interested person, within the meaning of section 154-1-2, is not a competent witness for laying a foundation for admission of book accounts into evidence under section 154-1-3. This Court said that had it been the intent of the legislature to make book accounts an exception to the Dead Man's Statute, it would have included that among the other exceptions in section 154-1-2. Courts of other states are divided on this question. See, for example, Illinois where foundation evidence by an interested person is admissible, *Alling v. Brazee,* 27 Ill. App. 595, and New York where it is not, *In Re Mulderig,* 196 Misc. 527, 91 N.Y.S. 2d 895.

■ Whether or not we now agree with *In Re Durant, supra,* we are bound to follow it by the well-established rule of statutory construction which provides that where a legislature re-enacts or amends a statute and does not change a section previously interpreted by settled judicial construction, it must be concluded that the legislature has agreed with the judicial construction. *Nye v. District Court for the County of Adams,* 168 Colo. 272, 450 P.2d 669; *Lyons v. Egan,* 110 Colo. 227, 132 P.2d 794; *U.S. v. Elgin, J. & E. Ry.,* 298 U.S. 492, 56 S.Ct. 841, 80 L.Ed. 1300; *Corso v. Security-First National Bank of Los Angeles,* 171 Cal. App. 2d 816, 342 P.2d 56; 2A *Sutherland, Statutory Construction* § 49.09 (rev. 4th ed. C.D. Sands). We note that the legislature has re-enacted the Dead Man's Statute by codifica-

tion and recently has amended it by adding an exception permitting testimony which a previous decision of this Court had ruled inadmissible. 1969 Perm. Supp., C.R.S. 1963, 154-1-2(9).

## II.

■ Music City further alleges that section 154-1-2 is unconstitutional. Among appellant's contentions supporting this argument are: the Dead Man's Statute deprives claimant of its property without due process of law in contravention of the Fourteenth Amendment to the United States Constitution and of Article II, Section 25 of the Colorado Constitution; it deprives claimant of the equal protection of the laws, in violation of the Fourteenth Amendment; it is a legislative usurpation of the judicial function of determining a witness' competency and credibility, in contravention of Article III of the Colorado Constitution.

In the very few cases we have found which have ruled on the constitutionality of dead man's statutes, the statutes have been upheld as not violative of constitutionally protected rights in a variety of factual situations. *Dubois County Machine Co. Inc. v. Blessinger,* Ind. App. , 299 N.E. 2d 207; *Estate of Segur v. Jacoby,* 5 Ill. App. 3d 459, 283 N.E. 2d 76; *Corso v. Security-First National Bank of Los Angeles, supra; Wood v. Kaufman,* 135 Mich. 5, 97 N.W. 47.

In *Estate of Freeman v. Young,* 172 Colo. 322, 473 P.2d 704, which dealt with the Dead Man's Statute's prohibition, in a will contest involving the testimony of the attorney who prepared the will and was also named as executor,[1] this Court held that the statute was constitutional. We note from the briefs in the *Freeman* case that most of the arguments as to the unconstitutionality of the statute which are raised here were also raised there. We find the holding of constitutionality in *Freeman* dispositive of the arguments raised in the instant case.

The judgment is affirmed.

---

[1] As pointed out above, the legislature has now amended the Dead Man's Statute to specifically permit the testimony held properly excluded in *Freeman, supra.*