RUSSELL, APPELLANT, v. WOLFORD, APPELLEE. ■

[Cite as Russell v. Wolford (1978), 60 Ohio App. 2d 134.]

(No. 78AP-324—Decided September 26, 1978.)

*Schwartz & Fishman Co., L. P. A.,* and *Mr. Robert H. Cohen,* for appellant.

*Messrs. Sebastian, Marsh & Weiss,* for appellee.

McCORMAC, J. Plaintiff commenced an action in Franklin County Municipal Court seeking damages for personal injuries sustained in a collision between an automobile and a bicycle. The defendant was the co-administrator of the deceased's estate, as the defendant had died of unrelated causes prior to the time of trial. At trial, plaintiff stated that he was unable to prove his claim without using his own testimony. The trial court ruled that, since defendant was deceased, plaintiff was barred from testifying concerning the liability of defendant, by operation of R. C. 2317.03. The testimony of plaintiff was not proffered, but it appears that the parties and the court understood that the crucial issue was whether plaintiff was barred from testifying by R. C. 2317.03. Since plaintiff had no other testimony to offer, a judgment was granted for defendant. Plaintiff has appealed, setting forth the following assignment of error:

"The Trial Court Erred When It Upheld The Constitutionality of Ohio Revised Code, Section 2317.03 and Thereby Prohibited The Plaintiff From Testifying."

R. C. 2317.03 provides, as pertinent, as follows:

"A party shall not testify when the adverse party is the

guardian or trustee of either a deaf and dumb or an insane person or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person except:

"(A) As to facts which occurred after the appointment of the guardian or trustee of an insane person, and, in the other cases, after the time the decedent, grantor, assignor, or testator died***."

The parties agree that none of the exceptions thereafter set forth in R. C. 2317.03 apply. Moreover, they agree that the statute facially bars testimony of the nature contemplated in this case. This court has recently so held in *Estreicher* v. *Tait,* unreported, case No. 76AP-96, rendered on August 24, 1976, also an automobile accident case.

The contention of appellant is that R. C. 2317.03, as applied to the facts of this case, is unconstitutional because it violates the Equal Protection and Due Process Clauses of the Fourteenth Amendment and Sections 2 and 16, Article I, of the Ohio Constitution.

R. C. 2317.03 was enacted to enlarge the right of a party to testify with regard to his own claim, partially modifying the common law rule of evidence which disqualified the interested party. Now only the party faced by an adverse party whose lips are sealed is prohibited from testifying to aid his own cause. R. C. 2317.03 does not prohibit a party from proving a claim assuming that evidence not barred by the statute can be produced, nor does it automatically eliminate any claims. It apparently seeks to protect the estate from an unfounded claim, either because the surviving party, knowing that his erstwhile opponent is not able to refute the story, makes a false claim, or because an honest, albeit onesided version, is presented to the trier of the fact by the surviving party who honestly believes his claim to be valid when, in fact, it is not.

It is recognized that "Deadman Statutes" have come under severe attack by leading authorities on evidence. Dean Wigmore has severely criticized such statutes. 2 Wigmore on Evidence, Section 578, page 696 (3d ed. 1940). Dean McCormick has written as follows:

"Most commentators agree that the expedient of refusing to listen to the survivor is, in the words of Bentham, a

'blind and brainless' technique. In seeking to avoid injustice to one side, the statute-makers have ignored the equal possibility of creating injustice to the other." McCormick on Evidence 142, 143, Section 65 (2d ed. 1972).

As applied to automobile accident cases where communication between the deceased and the party seeking recovery is generally minimal or nonexistent, the criticisms carry even greater weight, as a surviving party who is able to prove the cause of the accident only through his own testimony is effectively deprived of his claim. However, the possibilities of mistake in result are the greatest where the only evidence is the surviving party's version.

While the author tends to believe that justice would be better served by eliminating the disqualification of the surviving party, at least in an automobile accident case, it is not the prerogative of a court to make that judgment in the face of a statute to the contrary unless the statute is unconstitutional. In inquiring into the constitutionality of the statute, the inquiry is not whether the statute is wise or desirable, as misguided laws may nonetheless be constitutional. *James* v. *Strange* (1972), 407 U. S. 128.

The classification here involves persons who present claims against estates as opposed to persons who present claims against competent living persons. In one case the testimony of the party is prohibited with certain limited exceptions and in the other case the party is free to testify. Since the classification does not involve a "fundamental" interest or "suspect" classification, it is to be upheld if there is any conceivable set of facts under which the classification rationally furthers a legitimate legislative objective. *McGowan* v. *Maryland* (1961), 366 U. S. 420. The United States Supreme Court has recognized that the prevention of spurious claims is a legitimate government interest. See *Jimenez* v. *Weinberger* (1974), 417 U. S. 628.

R. C. 2317.03 seeks to protect estates against invalid or spurious claims by compelling the adverse party to produce evidence other than his own testimony in order to prove a claim since the opposing party is no longer able to present the opposite side of the coin. Although perhaps ill-advised, at least in auto accident cases, the classification does bear a fair and substantial relationship to a legitimate legislative objec-

tive, and is not violative of the Equal Protection Clause of the United States and Ohio Constitutions.

Although many states have statutes similar to R. C. 2317.03, appellant candidly states that no such statutes have been held to be unconstitutional nor has this court been able to find any law to that effect. While concededly the issue is addressed rather summarily in most of the decisions where it has been raised, nevertheless the constitutional attack has been consistently rejected. See *Music City, Inc.* v. *Estate of Duncan* (Colo. 1974), 523 P. 2d 983; *Murphy* v. *Hook* (1974), 21 Ill. App. 3d 1006, 316 N. E. 2d 146; *Dubois County Machine Co., Inc.,* v. *Blessinger* (1973), 299 N. E. 2d 207; *Estate of Segur* v. *Jacoby* (1972), 5 Ill. App. 3d 459, 283 N. E. 2d 76; *Freeman's Estate* v. *Young* (Colo. 1970), 473 P. 2d 704; *Corso* v. *Security First Nat'l Bank of Los Angeles* (1959), 171 Cal. App. 2d 816, 342 P. 2d 56; *Wood* v. *Kaufman* (1903), 135 Mich. 5, 97 N. W. 47.

Appellant also relies upon the case of *Primes* v. *Tyler* (1975), 43 Ohio St. 2d 195, where the Ohio guest statute was declared to be unconstitutional in violation of the Equal Protection Clause of the Ohio Constitution. That case, however, is distinguishable. The guest statute totally prohibited a non-paying guest from recovering against the driver for ordinary negligence in order to avoid a rare recovery based upon false testimony. Thus, irrespective of the strength of non-suspect testimony, a guest claim was barred. Contrary to the guest statute, R. C. 2317.03 does not bar all claims against an estate but only prevents the adverse party from testifying, which effectively results in a bar only under the circumstances where fraud or mistake are most likely to occur, that is, when the claim is based fully upon the testimony of the surviving party.

Appellant further contends that R. C. 2317.03 offends the Due Process Clause of the United States and Ohio Constitutions in that is creates an irrebuttable presumption of perjury. This argument is rejected as the premise upon which the argument is based is not shown to be well founded. R. C. 2317.03 may be a legislative attempt to provide each party a fair trial by preventing one party from being placed at a disadvantage. Any trial lawyer is patently aware that in a disputed fact situation it is highly important to present both

sides of the controversy. If one side is prevented by death from presenting the testimony of a key witness to the transaction, that side is at a great disadvantage, irrespective of the weapon of cross-examination.

R. C. 2317.03 is no more subject to constitutional attack than the statute of frauds which goes further than R. C. 2317.03, as it prevents claims based upon oral contracts regardless of the quality of independent supporting testimony. The wisdom of such statutes is a legislative matter.

Appellant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and REILLY, JJ., concur.