Betty ADAMS a/k/a Betty Jean
Damewood, Appellant,

v.

Mary J. BONACCI, Administrator of the
Estate of James Adams, Appellee.

No. 63353.

Supreme Court of Iowa.

Jan. 23, 1980.

Scott H. Peters of The Peters Law Firm, P. C., Council Bluffs, for appellant.

Jack W. Peters, of Stuart, Tinley, Peters, Thorn, Smits & Sens, Council Bluffs, for appellee.

Considered by LeGRAND, P. J., and REES, UHLENHOPP, HARRIS, and McCORMICK, JJ.

LeGRAND, Justice.

In this appeal plaintiff seeks to establish her right to share in the estate of James Adams, deceased, as his surviving common law wife. The trial court denied plaintiff's petition, and we affirm.

The principal basis for plaintiff's appeal is her contention that the Dead Man Statute (§ 622.4, The Code) is unconstitutional. She also asserts that the trial court applied the wrong standard of proof in determining whether she had proved her common law marriage. On both points we believe the trial court was right.

Section 622.4 provides as follows:

No party to any action or proceeding, nor any person interested in the event thereof, nor any person from, through, or under whom any such party or interested person derives any interest or title by assignment or otherwise, and no husband or wife of any said party or person, shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the commencement of such examination deceased, . . . against the executor, administrator, heir at law, next of kin, assignee, legatee, devisee, or survivor of such deceased person . . . .

Plaintiff concedes she was barred by this statute from testifying to any transaction with James Adams. Her argument is that the law denies her due process under the fourteenth amendment to the United States Constitution and article I, section 9, of the Iowa Constitution. Plaintiff also urges violation of the equal protection provision of the federal and state constitutions, but this matter was not raised in the trial court and is therefore not properly here for review. *Peel v. Burk*, 197 N.W.2d 617, 619 (Iowa 1972).

Plaintiff admits there is no authority for holding the law unconstitutional. She insists we should nevertheless reach this result. In doing so plaintiff is following the course recommended by many legal scholars who have characterized the statute as both unfair and unnecessary. We list a few typical articles and texts critical of the doctrine. C. McCormick, Law of Evidence § 65 (2d ed. E. Cleary 1972); Morgan, Some Problems of Proof Under the Anglo-American System of Litigation 187 (1956); 2 J.

Wigmore, Evidence § 578 (3d ed. 1940); Harper, *The "Dead Man" Rule,* 6 Mercer L.Rev. 249 (1955); Ladd, *Admission of Evidence Against Estates of Deceased Persons,* 19 Iowa L.Rev. 521 (1934); Maguire, *Witnesses—Suppression of Testimony by Reason of Death,* 6 Am.U.L.Rev. 1 (1957). Rule 601 of the Federal Rules of Evidence completely rejects the principle of the dead man statutes. Ray, *Dead Man's Statutes,* 24 Ohio St.L.J. 89, 107 (1963).

These authorities present strong cases for legislative change, nothing more. In attacking section 622.4, plaintiff takes on the burden of proving the statute is unconstitutional beyond a reasonable doubt. *Woodbury County Soil Conservation District v. Ortner,* 279 N.W.2d 276, 277 (Iowa 1979); *Bryan v. City of Des Moines,* 261 N.W.2d 685, 687 (Iowa 1978); *Danner v. Hass,* 257 Iowa 654, 661, 134 N.W.2d 534, 539 (1965). She must show there is no rational relationship between the purpose of the statute and its provisions. She has failed to do so. The purpose of dead man statutes is to prevent false testimony by the survivor concerning his dealings with one now dead. Since death has silenced one party, the law silences the other. Its object is to achieve equality and to guard against fraudulent claims. *Mathews v. Hines,* 444 F.Supp. 1201, 1204 (D.C.Fla.1978); *Corso v. Security First National Bank of Los Angeles,* 171 Cal.App.2d 816, 342 P.2d 56, 61 (1959); *Tucker v. Anderson,* 172 Iowa 277, 293, 154 N.W. 477, 484 (1915); *Estate of Harold W. Segur v. Jacoby,* 5 Ill.App.3d 459, 283 N.E.2d 76, 78 (1972); *Perlis v. Kuhns,* 202 Pa.Super. 80, 195 A.2d 156, 158 (1963); 81 Am.Jur.2d *Witnesses* § 304, at 322 (1976); 97 C.J.S. *Witnesses* § 132b., at 558 (1957).

Critics have been openly disdainful of the rule and have argued vigorously that it begets, rather than averts, injustice. However one may view such censure, it does not render the law unconstitutional. Perhaps the provision is unwise; perhaps it fails to accomplish all that the legislature intended. Unlike the commentators, we are not allowed to consider such imperfections.

Unless a law has no rational relationship to its intended purpose, we must defer to the legislature as to its wisdom. A challenging party must negate every reasonable basis upon which the act can be upheld. *Peel v. Burk,* 197 N.W.2d at 619.

The remaining question urged by plaintiff is not borne out by the record. She says the trial court erred by requiring her to prove her case by clear, satisfactory, and convincing evidence rather than by a preponderance of the evidence. We find no basis for plaintiff's claim. The court found that the plaintiff had failed to establish a common law marriage. No reference is made to the kind of proof demanded of plaintiff.

Finding no merit in either issue raised by plaintiff, the decree is affirmed.

AFFIRMED.