NOBEL, INC., a Colorado corporation, Plaintiff-Appellant,

v.

COLORADO DEPARTMENT OF REVENUE, Alan Charnes, Liquor Enforcement Division of the Colorado Department of Revenue, and Marvin D. Eller, Liquor Control Chief, Defendants-Appellees.

No. 81CA0982.

Colorado Court of Appeals, Div. III.

April 22, 1982.

Rehearing Denied May 27, 1982.

Certiorari Denied Oct. 25, 1982.

Bradley, Campbell & Carney, P.C., Earle D. Bellamy, II, Victor F. Boog, Golden, for plaintiff-appellant.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Roger Morris, Asst. Attys. Gen., Denver, for defendants-appellees.

STERNBERG, Judge.

The determinative issue in this appeal is whether the leasing of equipment and the sale of equipment on credit by a wholesale liquor licensee to a retail liquor licensee, absent control or attempt to control the retail licensee, constitutes unlawful financial assistance as proscribed by § 12–47–129, C.R.S.1973 (1978 Repl.Vol. 5). We hold that because the extension of credit involved in the transactions in issue was unaccompanied by control or attempt to control the retail licensee, there is no violation of that statute. Therefore, we reverse the trial court which held otherwise.

Plaintiff Nobel, Inc., holds a wholesale liquor license under § 12–47–115, C.R.S. 1973 (1978 Repl.Vol. 5). Under that license, it sells wine in bulk containers to certain Colorado retail licensees. Nobel's primary business, however, is selling food supplies and selling or leasing kitchen equipment and utensils to restaurants and institutions throughout the state.

Two separate transactions leading to this suit took place. First Nobel leased a dishwasher to a restaurant, and later Nobel sold kitchen utensils to a motel on an installment sale basis. Both the lessee of the dishwasher and the purchaser of the kitchen utensils have hotel and restaurant licenses under § 12–47–119, C.R.S.1973 (1978 Repl.Vol. 5).

Thereafter, the liquor enforcement division of the Colorado Department of Revenue informed Nobel that as a liquor wholesaler it could not extend credit or lease equipment to any establishment holding a retail liquor license, and commenced an action to rescind Nobel's license. A hearing was conducted before an administrative officer who concluded that, except with respect to sale of alcoholic beverages, wherev-

er a wholesale liquor licensee is in the position of creditor to a retail licensee, the statute is violated, even though no control or attempt to control the retail licensee is shown.

Earlier Nobel had filed a declaratory judgment action seeking a determination that the two transactions in question did not violate the statute. The action for review of the administrative decision and the declaratory judgment suit were joined in the district court action. The Department of Revenue moved for summary judgment, and the district court granted the motion.

The statute in issue, § 12–47–129, C.R.S. 1973 (1978 Repl.Vol. 5) provides in pertinent part:

"(3) It is unlawful for any of the persons or parties described or referred to in subsections (1) and (2) of this section to furnish, supply, or loan, in any manner, directly or indirectly, to any person licensed to sell at retail pursuant to the provisions of this article any financial assistance or any equipment, fixtures, chattels, or furnishings used in the storing, handling, serving, or dispensing of food or alcoholic beverages within the premises or for making any structural alterations or improvements in or on the building on which such premises are located ....

. . . .

(9) This section is intended to prohibit and prevent the *control* of the outlets for the sale of alcoholic beverages by any persons or parties other than the persons licensed pursuant to the provisions of this article." (emphasis supplied)

In *Majestic Marketing Co. v. Anderson Enterprises,* 32 Colo.App. 369, 511 P.2d 943 (1973), involving an attempt by a retail licensee to use the above statute as a shield to an action brought against it by a wholesale licensee to collect on a promissory note, this court stated:

"Extension of credit unaccompanied by control or attempt to control is not unlawful under the Colorado Liquor law .... [I]t is clear that the validity of credit sales is recognized by the statute."

While the factual background of the instant case differs from *Majestic,* nevertheless, we see no reason to interpret the statute any differently or more restrictively than this court did in *Majestic.* C.R.S.1963, 75–2–6, the predecessor of the current statute was involved in *Majestic.* The General Assembly has reenacted that statute and made minor changes therein but has not changed the section interpreted in *Majestic.* Thus, "it must be concluded that the legislature has agreed with the judicial construction." *Music City, Inc. v. Estate of Duncan,* 185 Colo. 245, 523 P.2d 983 (1974). And, contrary to the licensing authority's argument, the fact that other amendments to the liquor code have taken away the authority of the Department to make regulations regulating credit sales does not require us to interpret the controlling statute any differently than did this court in *Majestic.*

Consequently, we hold that, absent proof of control or attempt to control a retail licensee by a wholesale licensee, an installment sale or lease of equipment by a wholesaler to a retailer is not prohibited by statute.

Judgment reversed.

KIRSHBAUM and TURSI, JJ., concur.