The two issues on appeal are whether the dead man's statute is unconstitutional and whether evidence otherwise excludable under the provisions of that statute can be considered to defeat a motion for summary judgment.
The appeal follows the trial court's granting of summary judgment in favor of the appellee/defendant, Central Bank of Alabama, N.A., and against appellant/plaintiff, Virgil L. Beddingfield. All of the appellant's claims emanate from an alleged kickback scheme with Charlie N. Mills (Mills), a former officer of the bank, prior to his *Page 1052 
death on August 13, 1980. Beddingfield alleged that the bank and its officers, directors and stockholders were guilty of fraud and misrepresentation, civil conspiracy to defraud, and negligence or wantonness in permitting its lending officer to use his authority to extort some $9,000 from him, and, finally, of negligent or wanton entrustment by placing Mills in a position of trust and authority where he was able to exert pressure on his customers so as to injure them. The facts in the record surrounding the transactions of Beddingfield and Mills appear in Beddingfield's deposition.
In an affidavit supporting the bank's motion for summary judgment, the bank's counsel directed the trial court to the appropriate pages of Beddingfield's deposition, where Beddingfield admitted that his dealings with Mills, while Mills was an employee of the bank, occurred solely in the presence of Mills and him.
After the bank's motion for summary judgment was filed, Beddingfield filed a response and attached a notarized counter-affidavit of Beddingfield's attorney, to which he attached exhibits which included portions of depositions of bank employees taken in other litigation arising out of similar circumstances involving the bank officer, as well as records obtained from the Federal Bureau of Investigation as authorized by the Freedom of Information Act. After a hearing on the bank's motion for summary judgment and Beddingfield's response, the trial court granted summary judgment to the bank. This appeal ensued.
Beddingfield asserts that the dead man's statute, i.e., Code 1975, § 12-21-163, is unconstitutional because it deprives him of equal protection and due process of law under both the federal constitution and the Alabama constitution. U.S. Const. amend. XIV, § 1; Ala. Const. art. 1, § 6. He likewise contends that the statute contravenes his right of redress guaranteed by Ala. Const. art. 1, § 13.
The question of the constitutionality of the dead man's statute is a novel one for this Court. Although Beddingfield is unable to cite Court decisions from other jurisdictions declaring the dead man's statute unconstitutional, he nonetheless refers the Court to several legal treatises written by eminent scholars criticizing dead man statutes as both unfair and unnecessary. See, McCormick, Handbook of the Law ofEvidence, § 65 (2d ed. 1972); Morgan, Some Problems of ProofUnder the Anglo-American System of Litigation, 187 (1956); Morgan, The Law of Evidence, 25 (1927); and II Wigmore onEvidence § 578 (3d ed. 1940). Additionally, the Court takes notice of the fact that Rule 601 of the Federal Rules of Evidence completely rejects the principle of dead man statutes, as does Rule 601 of the Uniform Rules of Evidence, which has been adopted by at least twenty jurisdictions. 13 U.L.A. CivilProc. Rem. Laws 1982 P.P. 11.
However persuasive the arguments made by these scholars and Beddingfield may be, they are insufficient to convince us that, under rules of statutory construction, the Alabama statute is unconstitutional. See Board of Trustees of Emp. RetirementSystem of City of Montgomery v. Talley, 291 Ala. 307, 310,280 So.2d 553, 556 (1973). The Iowa Supreme Court, in upholding the constitutionality of that state's dead man's statute, remarked:
 "Critics have been openly disdainful of the rule and have argued vigorously that it begets, rather than averts, injustice. However one may view such censure, it does not render the law unconstitutional. Perhaps the provision is unwise; perhaps it fails to accomplish all that the legislature intended. Unlike the commentators, we are not allowed to consider such imperfections. Unless a law has no rational relationship to its intended purpose, we must defer to the legislature as to its wisdom. . . ."
Adams v. Bonacci, 287 N.W.2d 154, 156 (Iowa 1980). Similarly, it is not a function of this Court to determine the wisdom of specific legislation. See Lankford v. Sullivan Long Hagerty,416 So.2d 996, 1000 (Ala. 1982). *Page 1053 
Because the dead man's statute involves neither a suspect classification nor a fundamental right, see In Re: Estate ofLopata, 641 P.2d 952 (Colo. 1982), and Russell v. Wolford,60 Ohio App.2d 134, 395 N.E.2d 904 (1978), we must determine whether the classification furthers a proper governmental purpose, and whether the classification is rationally related to such purpose. Gideon v. Alabama State Ethics Commission,379 So.2d 570, 573-574 (Ala. 1980).
The underlying policy of the dead man's statute is to prevent testimony by living witnesses as to transactions with a person who is no longer alive to confront the witness nor to contradict his testimony. Walling v. Couch, 292 Ala. 33, 35,288 So.2d 435, 436 (1973). The portion of the dead man's statute which is applicable to the instant case was originally enacted by the legislature on March 2, 1875, and subsequently codified as a part of § 3058 of the Code of 1876. McCrary'sAdministrator v. Rash's Administrator, 60 Ala. 374, 376 (1877). It was discussed in the McCrary case as follows:
 "The purpose of the exception, in each of these statutes, was to exclude the testimony of parties to the suit, when offered in their own behalf, to show transactions with, or statements by persons who have died, and consequently can not confront, and, perchance, contradict such testimony. It rests on the fear that personal interest will exercise an influence too controlling, unless it is confronted by an adversary interest, having equal knowledge of the facts. This exception has been uniformly upheld in its integrity, as a necessary restraint of abuses likely to grow out of the section of the Code we are considering." (Citations omitted.)
60 Ala. at 377. Applying the "rational basis" test, the Court finds that the dead man's statute furthers a proper governmental purpose and the provisions of the statute are rationally related to that purpose. Gideon, supra.
Consequently, the Court holds that the dead man's statute is constitutional. Accord, Corso v. Security-First National Bankof Los Angeles, 171 Cal.App.2d 816, 342 P.2d 56. (Dist.Ct.App. 1959), appeal dismissed, 362 U.S. 144, 80 S.Ct. 681,4 L.Ed.2d 617 (1960); Dubois County Machine Company v. Blessinger,157 Ind. App. 115, 299 N.E.2d 207 (Ct.App. 1973); Segur's Estate v.Jacoby, 5 Ill. App.3d 459, 283 N.E.2d 76 (App.Ct. 1972); andAdams v. Bonacci, supra.[1]
The second issue on appeal here is whether the granting of the bank's motion for summary judgment was proper. As appellant points out, the presence or absence of fraud or negligence is generally a question to be determined by a jury, thereby limiting the effectiveness of a motion for summary judgment in such instances. See e.g., Roberts v. Peoples Bank Trust Co.of Sylacauga, 410 So.2d 393 (Ala. 1982), and Tolbert v. Gulsby,333 So.2d 129 (Ala. 1976). But, appellant, as the non-moving party, has failed to present facts that are properly admissible in evidence. Ray v. Montgomery, 399 So.2d 230, 232 (Ala. 1980);Morris v. Morris, 366 So.2d 676, 679 (Ala. 1978).
Alabama's dead man's statute, § 12-21-163, reads in pertinent part:
 "In civil actions and proceedings, . . . no person having a pecuniary interest in the result of the action or proceeding shall be allowed to testify against the party to whom his interest is opposed as to any transaction with . . . the deceased person . . . when such deceased person . . . acted in any representative or fiduciary relation whatsoever to the party against whom such testimony is sought to be introduced. . . ."
The Court has interpreted this section to apply when (1) the witness has a pecuniary interest in the result of the action, (2) the deceased acted in a representative relation to the party against whom the evidence is *Page 1054 
offered, and (3) the witness testifies to a transaction with the deceased. Stanley v. Hayes, 276 Ala. 532, 535,165 So.2d 84, 86 (1964).
Beddingfield argues, however, that the bank has waived the incompetency of the testimony contained in his deposition by attaching portions of his deposition to its motion for summary judgment. He cites Bank of the Southeast v. Koslin,380 So.2d 826 (Ala. 1980), as authority. In that case, the bank sued Koslin and other guarantors of a corporate note. Counsel took the deposition of a former bank employee who had transactions with one of the defendant guarantors who had since died. The defendant guarantors filed a motion for summary judgment, attaching the bank employee's entire deposition in support of their motion. The trial court refused to consider the bank employee's testimony regarding his transactions with the deceased defendant guarantor on the motion for summary judgment because it violated the dead man's statute. Although the ultimate decision of the trial court to grant summary judgment was affirmed, this Court held that the trial court erred in refusing to consider the testimony of the bank employee in opposition to the motion for summary judgment because defendant guarantors had waived the bank employee's incompetency by offering his entire deposition in support of its motion for summary judgment. 380 So.2d at 829-830.
In this case, the bank's motion for summary judgment and accompanying affidavit set forth undisputed facts which indicated that had the case proceeded to trial, no competent evidence would have been available to support a judgment in behalf of Beddingfield.
Attached to the bank's affidavit were the portions of Beddingfield's deposition in which he unequivocally stated that all the transactions which occurred between Mills and him, occurred with no third person present. By utilizing specific portions of his deposition to establish this undisputed fact, the bank merely, without waiving the incompetency of his testimony regarding details of the transactions with the deceased, carried its burden of demonstrating that there was no genuine issue as to any material fact and that it was entitled to a judgment as a matter of law. Rule 56 (c), Ala.R.Civ.P.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.
[1] The following cases also hold the dead man's statute is constitutional, but the Model Rules of Evidence are now applicable in these jurisdictions: In Re: Estate of Lopata,641 P.2d 952 (Colo. 1982); Wood v. Kaufman, 135 Mich. 5, 97 N.W. 47
(1903); Russell v. Wolford, 60 Ohio App.2d 134, 395 N.E.2d 904
(Ct.App. 1978).