## OKLAHOMA TRANSP. CO. v. OWENS.

No. 33858. Dec. 26, 1950.
Rehearing Denied Jan. 30, 1951.

*226 P. 2d 946.*

John Barry, Oklahoma City, for plaintiff in error.

Homer L. Hurt, Oklahoma City, for defendant in error.

GIBSON, J. The parties to this appeal will be referred to as they appeared in the trial court, wherein defendant in error, Owens, was plaintiff, and plaintiff in error, Oklahoma Transportation Company, was defendant.

This action arose out of a collision upon the highway between a Dodge truck owned and being driven by plaintiff and a passenger bus operated by defendant, wherein plaintiff's truck was damaged. Upon verdict of a jury plaintiff was awarded judgment in the sum of $500 for the damage to the truck, and defendant appeals. Two grounds of error are presented but, for the purpose of our review, we need to consider only one, which is that the court committed reversible error in permitting Mrs. H. T. Owens, wife of plaintiff, to testify on plaintiff's behalf over timely objection to her competency made on authority of 12 O. S. 1941 §385, subd. 3.

As authority for the contention, Hartsell v. Davis, 175 Okla. 446, 53 P. 2d 261, is cited, wherein we held:

"Where a party is an incompetent witness by reason of section 271, O. S. 1931, and proper objections are interposed to the competency of such party to testify, the overruling of such objections and permitting the plaintiff to testify to facts essential to the cause of action and on disputed questions constitutes a substantial violation of a statutory right of the adverse party and is not harmless error."

The facts in the instant case bring it squarely within the application of the principle there stated. The accident occurred at the intersection of State Highway 77, which extends north and south, and 12th Street, in the city of Ardmore, which extends east and west. Both vehicles were going south on 77, the truck being in front of the bus. The collision occurred on the intersection. The question whether the truck was making a lefthand turn at the time of the collision or was proceeding straight south was made an issue by the pleadings and the evidence on the question was in direct conflict. Mrs. Owens was seated by her husband in the truck at the time of the accident. She testified, as did the plaintiff, that the truck proceeded straight south and that no left turn was made or attempted. Witnesses for defendant testified that the truck turned to the left on the intersection.

Plaintiff does not question the incompetency of the witness but contends the error was harmless and as authority therefor quotes the following from the opinion in Gibbs v. Barksdale, 199 Okla. 141, 184 P. 2d 755;

"It is not necessary for us to determine the competency of the wife of John Barksdale, as a witness, because her entire testimony is no more than corroboration of other competent evidence, and if any error was committed by its admission, the same was harmless."

The quoted expression is inept in that it does not give proper recognition to the distinction between the incompetency of a witness to testify and the incompetency of evidence and was doubtlessly inadvertently made. Such distinction is recognized in the Hartsell case, and the occasion when the testimony of an incompetent witness can be held harmless is there stated. We quote:

" . . . Since by section 271, O. S. 1931, it is expressly provided that persons occupying the position of plaintiff herein are incompetent to testify, the denial of defendant's objection to the competency of the witness was prejudicial and constituted a direct violation of their statutory right. The competency or incompetency of testimony given by the witness is not involved, and the rules relating to the admission of incompetent evidence and requiring the showing of prejudice on account thereof are inapplicable. While in certain instances the testimony of an incompetent witness may be innocuous and constitute harmless error, where the cause of action is established by evidence of other competent witnesses, as we have stated on sev-

eral occasions, nevertheless in cases of this nature where the plaintiff can establish his cause of action by the testimony of competent witnesses, it is his duty so to do. It is a violation of public policy of this state to permit a party to testify to matters essential to his cause of action or to questions in dispute in an action of this nature, as we have pointed out in the case of Pancoast v. Eldridge, supra. Since the testimony of the plaintiff herein was essential to his cause of action and was material to disputed questions of fact and was so full and complete in detail that it is impossible to determine what effect the same may have had upon the jury, we are compelled to hold that the action of the trial court in overruling the objection of the defendants to the competency of the plaintiff to testify violated a plain statutory right of the defendants, and that under the circumstances this was highly prejudicial error."

The gist of the holding is that permitting an incompetent witness to testify is error and the same cannot be considered as harmless where the witness testifies to matters vital to the issues or on questions in dispute. The logic of the holding is that it cannot be said that the cause of action was established independently of the testimony of the witness.

The doctrine of the Hartsell case is no less applicable to incompetency of the wife to testify by force of Tit. 12 O. S. 1941 §385, subd. 3. It is the legislative will so reflected that is the controlling consideration. The force of which is clearly reflected in 58 Am. Jur. 85, §103, as follows:

"In the absence of any express constitutional provision governing the competency of witnesses, the question of what persons shall be competent as witnesses on the trial of an issue of fact is a question of legislative policy, and the function of courts in reference thereto is to apply the rules prescribed by the Legislature."

The judgment is reversed and cause remanded for further proceedings not inconsistent with the views herein expressed.