## No. 22642.

ESTATE OF W. S. FREEMAN, DECEASED, VIRGINIA WOODALL, CAVEATRIX *v.* JOHN C. YOUNG, JR., JOHN J. KELLEY, AND GERALD H. SMITH, PROPONENTS.

(473 P.2d 704)

Decided July 20, 1970.     Opinion modified and as modified rehearing denied August 31, 1970.

Tracy, Thorvilson and Osgood, Julius A. Tracy, for plaintiff in error.

Hugh J. Ross, for all defendants in error.

John C. Young, Jr., also appearing pro se.

*En Banc.*

Mr. Chief Justice McWilliams delivered the opinion of the Court.

This is a will contest case and the principal issue is whether the trial court correctly interpreted and applied C.R.S. 1963, 154-1-2. This statute is ofttimes referred to as the "dead man's statute" and will hereinafter be referred to as such.

W. S. Freeman died leaving a last will and testament which had been drawn by one John C. Young, Jr., acting as the attorney for Freeman. The will as drawn by Young was executed by Freeman in the presence of Young and two other persons who were acting as witnesses thereto. In the will Young was named executor and the estate

itself was divided between one John J. Kelley and one Gerald H. Smith, neither of whom was an heir at law of Freeman.

In due time Messrs. Young, Kelley and Smith, as the proponents, offered the aforesaid will for probate. Virginia Woodall, daughter of the decedent (Freeman) and as such an heir at law, thereafter filed a caveat wherein she alleged, inter alia, that her father at the time of the execution of his purported last will and testament was not of sound mind and memory; that he lacked testamentary capacity; and that the aforesaid will was the result of undue influence. In what was denominated as an Answer to Caveat, Young, "in his capacity as executor named in that certain instrument denominated 'Last Will and Testament of W. S. Freeman,' " denied the various allegations set forth in the caveat.

Trial by jury culminated in a verdict that the aforesaid will should be admitted to probate and Woodall by this writ of error seeks reversal of the judgment admitting the will to probate.

▮ Upon trial, over strenuous objection, Young was permitted to testify as to the events leading up to the execution of the proffered will, as well as to the circumstances surrounding the actual execution of the will itself. In so testifying Young was permitted to relate various conversations he had had with the decedent. Woodall contends that this was in violation of the dead man's statute. We agree.

In our view *In re Shapter's Estate,* 35 Colo. 578, 85 P. 688, is for all practical purposes dispositive of the present controversy. In that case, as in the instant one, the attorney who prepared the will was also named executor and in that case it was held that the dead man's statute does apply to will contests; that an executor named in the will was a "party" to an ensuing will contest; and that under the dead man's statute he was not a competent witness. In thus holding this court adopted a minority rule but stated that it felt compelled to do so

because Illinois case law interpreting a similar statute was also to such effect. The *Shapter* rule has been adhered to by this court in *Eder v. Methodist Ass'n.*, 94 Colo. 173, 29 P.2d 631, and *Brantner v. Papish,* 109 Colo. 437, 126 P.2d 1032. Under these circumstances we are accordingly disinclined to overrule a line of cases which clearly represent the well established law on this subject in this state as of the time the instant proceeding was commenced and tried.

We recognize that the legislature, as opposed to the judiciary, has now changed the law by enacting in 1969 a further exception to the dead man's statute which specifically permits the executor named in a will to testify in a will contest. 1969 Perm. Supp., C.R.S. 1963, 154-1-2(9). This the legislature clearly had the right to do. However, the statute itself provides that the act should apply to proceedings commenced after the effective date of the statute, namely, April 16, 1969. As indicated, the instant proceeding was commenced and tried before this legislative enactment and the trial court's ruling must of course be tested on the basis of the law as it existed prior to the 1969 enactment.

The trial court in overruling the objection to Young's testifying relied heavily upon *Risbry v. Swan,* 124 Colo. 567, 239 P. 2d 600, the trial court expressing the view that *Risbry* indicated a "trend" away from the strict rule announced in *Shapter.* In this regard the trial court's reliance was misplaced. In the first place, *Risbry* was not a will contest. Secondly, the administrator of the estate in the *Risbry* case was determined not to be an adverse party; whereas in the instant case Woodall under the circumstances most assuredly is an adverse party to Young, the executor. Certainly Young, at least, thought so by the answer he filed in response to the caveat and by his active participation in the ensuing will contest wherein he took the witness stand, over objection, and then proceeded to question himself. And in the *Risbry* case, by way of warning, we declared:

"As a by-line and possible guide, we wish to add the comment that this case presents a quite unusual and rather unique situation, one which will doubtless infrequently arise. Great care, therefore, should be had that it be not applied other than under an identical factual situation as here presented."

■ In denying the motion for new trial the trial court shifted the basis for its ruling from *Risbry* to *Eder v. Methodist Ass'n., supra*. It is true that in *Eder* it was held that the attorney who drew a will was a competent witness in a will contest and was not within the prohibition of the dead man's statute. However, it is to be noted that the attorney who drew the will in *Eder* was not the named executor. Moreover, *Eder* followed the *Shapter* rule and declared the executor named in the will not to be a competent witness. Counsel argues that Young, the attorney, is not the same person as Young, the executor, and that he should be permitted to testify in his former capacity. This argument is too tenuous and the law in Colorado as announced in *Shapter,* where the executor had also been the attorney for the decedent, does not permit such a legalistic splitting of personalities.

■■ Alternatively, counsel for the proponents argue that the dead man's statute is unconstitutional, at least as it applies to Young. No case law is cited in support of this assertion. And our search has disclosed only limited authority bearing on this particular point, all of which suggests that the constitutionality of the dead man's statute has heretofore generally been assumed. In this general connection it should be remembered that at the common law all parties in interest were disqualified from testifying and that our legislature by statutory enactment has now largely negated, though not entirely, such disqualification. C.R.S. 1963, 154-1-1, *et seq.* Furthermore, the general rule is that in the absence of any express constitutional provision governing the competency of witnesses, the question of what persons shall be competent as witnesses on the trial of an issue of fact is

a question of legislative policy. *Oklahoma Transp. Co. v. Owens*, 204 Okl. 77, 226 P.2d 946.

One case addressing itself to the constitutionality of the dead man's statute is *Corso v. Security-First National Bank of Los Angeles*, 171 Cal.App.2d 816, 342 P.2d 56. In that case appears the following:

"Finally, appellant urges that if Code of Civil Procedure, section 1880, subdivision 3, prohibits her from testifying under the facts of this case, it is unconstitutional as applied thereto, and offends against the Constitution of California, Article I, section 13, and the due process clause of the United States Constitution as contained in the Fourteenth Amendment thereto. Appellant states that, 'No cases have been found either in California, or other jurisdictions, giving specific application of this principle to the same or similar type of case as this.' However, appellant argues that these constitutional provisions require a 'fair hearing,' and that the restriction placed upon appellant's testimony herein denied her equal protection under the law to present 'vital evidence' to the jury.

"We are satisfied that appellant's claim of unconstitutionality of the statute in question cannot be sustained.

"In 11 Cal.Jur.2d, Const. Law, Section 219, p. 633, it is stated: 'Again, the right to testify in the courts of the state is not a privilege or immunity protected by the Fourteenth Amendment, and the state legislature has the power to declare who shall be competent to testify, and to regulate the production of evidence in the state courts.' And in 16 C.J.S. Constitutional Law § 128, p. 532, we find the following: 'The legislature has the right to control the general competency of witnesses and the subjects of their testimony; but a court cannot be empowered to make a party a competent witness contrary to the general law.' In Vonshina v. Estate of Turner, supra, 154 Cal.App.2d at page 136, 315 P.2d at page 725 the court said that the 'statute is supported by sound

public policy and was wisely adopted in the interests of justice.' "

The judgment is reversed.

MR. JUSTICE DAY, MR. JUSTICE PRINGLE and MR. JUSTICE GROVES dissenting.

MR. JUSTICE GROVES dissenting:

I have great respect for the majority's disinclination to overrule a long established line of cases. However, my sentiments on the subject are strong enough that I would overrule *In re Shapter's Estate*, 35 Colo. 578, 85 P. 688 and the cases following it insofar as they hold that an executor named in the will is prohibited from testifying. The harm of this interpretation is particularly graphic here as the named executor was the testator's attorney who drafted the will. Ordinarily, the attorney who prepares a will is better qualified than anyone else to speak as to material matters at issue in a will contest.

I am authorized to state that MR. JUSTICE DAY and MR. JUSTICE PRINGLE join in this dissent.