Nancy L. WILLIAMS, Brandon J. Coleman, James H. Coleman, and Christopher O. McGlone, by and through his duly appointed Conservator/Guardians, Plaintiffs–Appellants,

v.

CHRYSLER INSURANCE CO., Defendant–Appellee.

No. 95CA0521.

Colorado Court of Appeals, Div. V.

July 11, 1996.*

Rehearing Denied July 11, 1996.

Certiorari Denied Jan. 13, 1997.

* Opinion previously announced as non-published May 30, 1996 is now selected for publication.

William C. Danks, Denver, for Plaintiffs–Appellants.

Ruh & Roberts, L.L.C., Richard P. Ruh, Denver, for Defendant–Appellee.

Opinion by Judge CASEBOLT.

In this declaratory judgment action concerning coverage under an insurance policy,

plaintiffs, Nancy Williams, Brandon Coleman, James Coleman, and Christopher McGlone (through his guardians), appeal the judgment entered upon a jury verdict for defendant, Chrysler Insurance Company, which determined that there was no coverage. We affirm.

On August 6, 1992, Nancy Williams negotiated for the purchase of a vehicle from an automobile dealer. Williams took possession of the automobile on that day.

Chrysler insured the auto dealership against certain losses. Under the terms of the policy, individuals who drove vehicles owned by the dealership were "insureds" under the dealer's policy, which provided, in pertinent part:

1. WHO IS AN INSURED

a. The following are 'insureds' for covered "autos:"

(1) You [the dealership] for any covered 'auto.'

(2) Anyone else while using with your permission a covered 'auto' you own. . . .

The policy did not define "own" or "permission."

On August 8, 1992, Brandon Coleman, the minor son of Nancy Williams, negligently drove the automobile, causing severe injury to Christopher McGlone. McGlone, through his guardians, sued Coleman and Williams and recovered a stipulated judgment.

Thereafter, plaintiffs prosecuted this action against Chrysler, seeking a declaration that there was coverage under its policy for Coleman and Williams because the dealership "owned" the vehicle and had given permission for Coleman to drive the vehicle on the day of the accident.

There was contradictory evidence presented regarding ownership of the car at the time of the accident. According to the special verdict form, the jury determined that Nancy Williams owned the car on the date that Coleman was involved in the automobile accident.

After the jury returned its verdict, plaintiffs moved for a new trial based upon certain comments made by the jury foreperson when the jury's verdict was delivered, contending that such comments, together with a defective special verdict form and certain improper jury instructions, evidenced jury confusion. They further contended that the trial court had denied their fundamental right to present testimony when it precluded McGlone or his guardians from giving testimony. The trial court denied the motion and this appeal followed.

I.

As an initial matter, Chrysler contends that any objections plaintiffs may have to the special verdict form were not raised in the trial court. However, the record here demonstrates that plaintiffs made specific, contemporaneous objections to the special verdict form and other instructions given to the jury. The trial court ruled on the objections. Accordingly, plaintiffs appropriately raised their objections and did not waive them. *See Baum v. S.S. Kresge Co.*, 646 P.2d 400 (Colo. App.1982).

II.

Plaintiffs contend that the special verdict form and certain jury instructions submitted to the jury by the trial court were prejudicially erroneous. We do not agree.

 It is within the sound discretion of the trial court to determine the form and style in which the instructions will be given to the jury. *Fieger v. East National Bank,* 710 P.2d 1134 (Colo.App.1985). Accordingly, we will not overturn the trial court's decision absent an abuse of such discretion. An abuse of discretion occurs when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Hock v. New York Life Insurance Co.*, 876 P.2d 1242 (Colo. 1994).

 An instruction which misleads or confuses the jury amounts to error. *States*

*v. R.D. Werner Co.,* 799 P.2d 427 (Colo.App. 1990). But, language in a jury instruction cannot be a ground for reversal unless it prejudices a party's substantial rights. *Phillips v. Monarch Recreation Corp.,* 668 P.2d 982 (Colo.App.1983).

■ Prejudicial error in an instruction exists when the record shows that a jury might have answered differently if a proper instruction had been given. *Webb v. Dessert Seed Co., Inc.,* 718 P.2d 1057 (Colo.1986).

■ All jury instructions must be read and considered together, and if, collectively, they adequately inform the jury of the law, there is no reversible error. *People v. Orona,* 907 P.2d 659 (Colo.App.1995).

### A.

Plaintiffs argue that the trial court erred in submitting the special verdict form because it confused the jury, and also by refusing their tendered verdict form. We disagree.

The special verdict form given to the jury stated:

> Question No. 1: As of the date of the accident, August 8, 1992, who was the owner of the 1990 Ford Tempo driven by Brandon Coleman in the accident? (check one)
>
> ___ Nancy Williams
>
> ___ Lakewood Chrysler Plymouth

> Answer Questions 2 and 3 only if you have found that Lakewood Chrysler Plymouth was the owner of the Ford Tempo on August 8, 1992.

> Question No. 2: On the date of the accident, August 8, 1992, was Brandon Coleman using the Ford Tempo with express or implied permission given directly to him by Lakewood Chrysler Plymouth? (Check one)
>
> ___ Yes ___ No

> Question No. 3: As of the date of the accident, August 8, 1992, had Lakewood Chrysler Plymouth given Nancy L. Williams permission to permit Brandon Coleman to use the Ford Tempo without her being present in the automobile?
>
> ___ Yes ___ No

■ Plaintiffs contend that the special verdict form submitted to the jury "asked the wrong questions." They argue that the either/or form of the question unduly confused the jury by precluding the jury from determining that the automobile was owned both by Nancy Williams *and* the dealership. However, plaintiffs do not cite, and we are unaware of, any persuasive authority for the proposition that both Williams and the dealership could "own" the vehicle.

Plaintiffs also contend that the submitted verdict form did not ask whether Brandon Coleman was "insured" within the meaning of the policy. To highlight the fact that plaintiffs believed ownership to be a "subissue" of whether Brandon Coleman was insured at the time of the accident, plaintiffs tendered the following special verdict form:

> Have the plaintiffs proven by a preponderance of the evidence that Brandon Coleman is an insured under the following language in subparagraph 1(a)(2) found on page 2 of the policy?
>
> 1. Who is an Insured
>
> a. The following are insureds for covered "autos"
>
> . . . .
>
> (2) Anyone else while using with your permission a covered "auto" you own
>
> . . .

In essence, plaintiffs assert that, under their tendered instruction, the jury could have found that the insurance policy covered the risk of the type of accident Brandon Coleman was involved in regardless of its determination of ownership.

We find no abuse of discretion here. The special verdict form given was not confusing or misleading to the jury such that the instruction would lead to prejudicial error.

Under the instruction given by the trial court, the issues of fact for the jury to determine were essentially the same as those postured under the verdict form tendered by plaintiffs.

Indeed, plaintiff's counsel conceded during the jury instruction conference that plaintiffs had to prove that Brandon Coleman was driving with the permission of the dealership and that the dealership owned the car. As the trial court correctly noted, the only difference between the two lay in how the issue was presented.

Because no substantial rights of plaintiffs were prejudiced, and because we fail to discern how changing the location of the ownership question would have changed the jury's verdict, we conclude that the special verdict form did not cause jury confusion of such magnitude as to constitute prejudicial error.

### B.

■ Plaintiffs also contend that the court erred by refusing to submit their three tendered instructions to the jury. Again, plaintiffs claim that the jury was confused by the instructions submitted to them and would not have been confused if the rejected instructions had been submitted. We find no error.

The trial court determined that the question whether the automobile was owned by the dealership at the time of the accident was a question of contract law. Accordingly, the court gave the jury an instruction, the pertinent portion of which stated:

In order for ownership of the Ford Tempo to pass from Lakewood Chrysler Plymouth to Nancy Williams, those persons would have to enter into a contract for the purchase and sale of the automobile and intend that ownership pass at the time of entering into the contract. A contract is formed when an offer is accepted.

Plaintiffs' tendered and rejected instruction relative to this issue read as follows:

A contract can be entered into for the immediate change of ownership of a car.

Alternatively, a contract can be entered into for a change of ownership at some future date. You must determine whether at the time of the accident, Lakewood Chrysler–Plymouth, Inc. still owned the car.

Plaintiffs suggest that their instruction was necessary for the jury to understand that, although there may have been a "meeting of the minds" on August 6, 1992, the transfer of ownership may have occurred at a later date. However, the trial court advised the jury in an additional instruction that:

The fact that a contract provides that the performance of one or both parties is to occur in the future does not affect the validity of the contract. However, where the existence of the contract depends upon the happening of some future and uncertain event, no contract is formed until the happening of that event.

Reviewing the instructions as a whole, we conclude that the jury was properly informed about the possibility of ownership not being transferred on August 6, 1992. Therefore, there was no error in refusing to submit plaintiffs' tendered instruction quoted above, nor in giving the challenged instruction.

■ Plaintiffs also tendered, and the court rejected, two other instructions which outlined penalties that may be faced by an automobile dealership if certain documents are not delivered to the new owner at the time of sale. Plaintiffs suggest that, without these instructions, the jury could not have inferred that Nancy Williams' failure to receive the documents indicated that ownership had not passed to her. We disagree.

Here, the trial court gave an instruction informing the jury that noncompliance with state statutes and regulations intended to regulate automobile dealers could be considered as factors in determining whether there was a sales transaction. Further, evidence concerning these statutes and regulations had been admitted at trial. And, the trial court allowed argument concerning the dealership's failure to provide an odometer

statement, failure immediately to furnish a written contract, and failure to generate documents of title at the time Williams took possession.

Taking the jury instructions as a whole, we conclude that the jury was given the opportunity to make exactly the inference that plaintiffs assert, and thus we find no error in the instructions given, nor in the trial court's refusal of tendered instructions.

## III.

Plaintiffs also contend that the trial court's refusal, pursuant to CRE 403, to allow McGlone and/or his guardians to testify constitutes reversible error. We disagree.

CRE 403 grants trial courts the discretionary authority to exclude otherwise relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

A trial court's exclusion of evidence will be reversed only if there was an abuse of discretion. Further, even if exclusion of evidence is an abuse of discretion, erroneous exclusion of evidence will require a reversal and new trial only if the exclusion affected a substantial right of a party. *Cherry Creek School District No. 5 v. Voelker,* 859 P.2d 805 (Colo.1993); C.A.R. 35(e) (appellate court shall disregard any error or defect not affecting the substantial rights of the parties.)

A substantial right has been affected when it can be said with fair assurance that the error influenced the outcome of the case or impaired the basic fairness of the trial itself. *Cherry Creek School District No. 5 v. Voelker, supra.*

Here, the record shows that the trial court determined that the evidence McGlone and/or his conservator/guardians would present, although possibly relevant, would be of minimal probative value regarding the issues of the case.

Counsel for plaintiffs suggested that the proffered testimony was relevant because it was "important for the jury to know who the parties to the case are and it has no other relevance than that." However, the trial court found this fact had been adequately demonstrated to the jury because those parties had been introduced to the jury and had attended each day of the trial. Further, the trial court had instructed the jury that McGlone and his guardians were in the courtroom and had an interest in the case.

Plaintiffs further contend that McGlone's testimony would have established the fact of McGlone's bodily injury. Although injury to McGlone was relevant to the action, the trial court read a stipulation to the jury that McGlone had sustained bodily injury and property damages in the underlying accident.

The trial court determined that the proffered testimony and presence on the witness stand of these witnesses would be prejudicial because their proffer essentially constituted an effort to evoke sympathy. McGlone had been seriously injured in the automobile crash, requiring the appointment of guardians and conservators. This determination by the trial court was well within its discretion.

Nevertheless, plaintiffs claim that the trial court's ruling was erroneous because a party to a civil action has a fundamental right to testify. We do not agree.

While Colorado courts have held that the federal and state constitutions provide criminal defendants with a constitutional right to testify on their own behalf, *see People v. Curtis,* 681 P.2d 504 (Colo.1984), there is no analogous right for parties to a civil action.

Plaintiffs rely upon § 13–90–101, C.R.S. (1987 Repl.Vol. 6A) for their proposition that a trial court does not have discretion to disallow a party's proposed testimony. Instead, they argue, in every case in which a party desires to testify, the court must allow it. We disagree with that interpretation.

At common law, there was a general rule that the testimony of all parties to a lawsuit and of all persons who stood to gain or lose by the outcome of the case was excluded as incompetent. E. Cleary, *McCormick on Evidence*, § 65 (2d ed. 1972). Under usual circumstances, one was thought unfit to bear witness to the truth when self-interest inspired the telling of profitable lies. *Wise v. Hillman*, 625 P.2d 364 (Colo.1981).

This rule of incompetency was abolished by the enactment of § 13–90–101, C.R.S. (1987 Repl.Vol. 6A) which states, in pertinent part:

> All persons, without exception, other than those specified in sections 13–90–102 to 13–90–108 may be witnesses. Neither parties nor other persons who have an interest in the event of an action or proceeding shall be excluded. . . .

Section 13–90–101, contrary to plaintiffs' argument, does not endow party witnesses with a fundamental right to testify. Rather, it simply renders a party *competent* to testify. *See also* CRE 601 (every person is competent to be a witness except as otherwise provided in rules of evidence or statute).

 Consequently, the testimony of all witnesses, including parties, remains subject to the applicable rules of evidence, including CRE 403. *See* CRE 101 (scope of rules); CRE 1101 (applicability of rules); *Estate of Freeman v. Young*, 172 Colo. 322, 473 P.2d 704, 706 (1970) (the right to testify is not a privilege or immunity protected by the Fourteenth Amendment; in absence of constitutional provision concerning witness competency, that issue is a question of legislative policy).

Accordingly, in the absence of due process concerns, there is no fundamental right to testify in a civil action.

We also reject plaintiffs' contention that § 13–90–101 removes from the discretion of the trial court the decision of whether a witness may offer evidence.

Plaintiffs would have us read the statute to mean that the trial court *must* allow any party in interest to testify if they so desire. However, the statute says "all persons . . . *may* be witnesses." (emphasis added) Plaintiffs' interpretation is contrary to the plain meaning and overall purpose of the statute. *See Armintrout v. People*, 864 P.2d 576 (Colo.1993) (plain and ordinary meaning of words should be followed vis a vis interpretation of statute). It is also contrary to CRE 403, which carves out no exception for party witnesses.

Finally, the case law cited by plaintiffs for the proposition that the statute requires the court to allow all parties in interest to testify is not at all on point.

In sum, we conclude that the trial court acted well within its discretion when it excluded the testimony of McGlone and his conservators. Moreover, even if the exclusion was erroneous, no substantial right was affected; hence, any error was harmless. *See* C.A.R. 35.

The judgment of the trial court is affirmed.

RULAND and ROY, JJ., concur.