Dean G. **TAYLOR, Plaintiff–Appellant,**

v.

**The REGENTS OF the UNIVERSITY OF COLORADO, Defendant–Appellee.**

No. 06CA0335.

Colorado Court of Appeals, Div. IV.

Sept. 20, 2007.

The Law Offices of Peter R. Bornstein, Peter R. Bornstein, Denver, Colorado, for Plaintiff–Appellant.

Office of University Counsel, David P. Temple, Denver, Colorado; Senter Goldfarb & Rice, L.L.C., Thomas S. Rice, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge GRAHAM.

In this whistleblower case, plaintiff, Dean G. Taylor, appeals the judgment of the trial court entered on a jury verdict in favor of defendant, the Regents of the University of Colorado (the University). We affirm.

Taylor, a professor at the business school at the University of Colorado at Denver, brought this action, alleging that the University and the dean of the business school, Sueann Ambron, had retaliated against him as a result of comments he had made about her during the search process for a new dean. Ambron was an applicant for the position and ultimately was selected as the new dean. Shortly after her appointment, she signed a letter addressed to Taylor which stated that he would not receive a raise for the 2000–2001 academic year.

Taylor alleged that the actions of Ambron and the University in denying him a raise constituted retaliatory conduct in violation of the Colorado Whistleblower Act, sections 24–50.5–101 to –107, C.R.S.2006. The trial court dismissed the claims against Ambron, and a division of this court affirmed the dismissal on appeal. *Taylor v. Ambron,* 2004 WL 1179370 (Colo.App. No. 02CA2148, May 27, 2004) (not published pursuant to C.A.R. 35(f) ).

At the jury trial on Taylor's whistleblower claim against the University, the University presented evidence that Taylor was denied a salary increase for the 2000–2001 academic year because he refused to submit reports concerning his professional activities in violation of the procedures prescribed in the laws of the regents.

At the close of the evidence, the trial court instructed the jury on the whistleblower claim, as relevant here, as follows:

> For the plaintiff, Dean G. Taylor, to recover from the defendant, the University of Colorado, on his claim for violation of the Colorado Whistle–Blower law, you must find that all of the following have been proved:
>
> 1. That plaintiff, Dean G. Taylor, made one or more disclosures of information;
>
> 2. That plaintiff's supervisor or supervisors took disciplinary action against plaintiff by failing to grant him a salary increase for the 2000/2001 academic year

on account of the disclosures of information; and

    3. That this disciplinary action caused damages or losses to the plaintiff.

       If you find that any one or more of these three statements has not been proved, then your verdict must be for the defendant.

Over Taylor's objection, the trial court provided the following additional instruction:

    [I]f you find that all of these three statements have been proved then you must consider an additional question.

    If you find by a preponderance of the evidence that defendant would have reached the same decision regarding a salary increase for plaintiff for the 2000/2001 academic year, even if the disclosures had not been made, then your verdict must be for the defendant. However, if you find that this has not been proved, then your verdict must be for the plaintiff.

On the special verdict form, the jury answered the first three questions in the affirmative, but found that the University would have reached the same decision regarding a salary increase for Taylor for the 2000–2001 academic year even if he had not made the disclosures. The trial court entered judgment in favor of the University, and Taylor brought this appeal.

### I.

Taylor contends that the trial court failed to instruct the jury properly on the elements and burden of proof of a whistleblower claim. Specifically, Taylor argues that the trial court committed reversible error by instructing the jury that the University would be entitled to a verdict in its favor if it could prove that it would have reached the same decision regarding a salary increase for Taylor for the 2000–2001 academic year even if Taylor had not made the disclosures. We disagree.

■ The trial court has substantial discretion in formulating jury instructions so long as they include correct statements of the law and fairly and adequately cover the issues presented. *People v. Williams,* 23 P.3d 1229, 1232 (Colo.App.2000); *Williams v.*

*Chrysler Ins. Co.,* 928 P.2d 1375, 1377–78 (Colo.App.1996). Absent a finding of abuse of discretion, a trial court's decision regarding the form of a jury instruction will not be overturned on appeal. *Williams v. Chrysler Ins. Co.,* 928 P.2d at 1377. An abuse of discretion occurs when the trial court's decision is manifestly arbitrary, unreasonable, or unfair. *Id.*

Section 24–50.5–103, C.R.S.2006, creates a "statutory action which is tortious in nature." *Conde v. Colo. State Dep't of Pers.,* 872 P.2d 1381, 1384 (Colo.App.1994). It prohibits an "appointing authority or supervisor" from initiating or administering "disciplinary action against an employee on account of the employee's disclosure of information." § 24–50.5–103(1), C.R.S.2006. Disciplinary action is defined as "any direct or indirect form of discipline or penalty, including, but not limited to, dismissal, demotion, transfer, reassignment, suspension, corrective action, reprimand, admonishment, unsatisfactory or below standard performance evaluation, reduction in force, or withholding of work, or the threat of any such discipline or penalty." § 24–50.5–102(1), C.R.S.2006.

■ In *Ward v. Industrial Commission,* 699 P.2d 960, 968 (Colo.1985), the Colorado Supreme Court stated that examination of whistleblower violations "should employ the same allocation of the burden of proof found in *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977)." To sustain that burden of proof, a claimant must prove that his or her disclosures (1) were protected under section 24–50.5–103 and (2) were "a substantial or motivating factor" for the disciplinary action taken against him or her. *Ward,* 699 P.2d at 968; *cf. Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568. If the claimant sustains his or her burden, the defendant then has an opportunity to prove, by a preponderance of the evidence, that it would have made the same decision in the absence of the claimant's disclosures. *Ward,* 699 P.2d at 968; *cf. Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568.

The rationale behind this allocation of the burden of proof was explained by the Supreme Court in *Mt. Healthy:*

> A rule of causation which focuses solely on whether protected conduct played a part, "substantial" or otherwise, in a decision not to rehire, could place an employee in a better position as a result of the exercise of constitutionally protected conduct than he would have occupied had he done nothing. The difficulty with the rule enunciated by the District Court is that it would require reinstatement in cases where a dramatic and perhaps abrasive incident is inevitably on the minds of those responsible for the decision to rehire, and does indeed play a part in that decision even if the same decision would have been reached had the incident not occurred. The constitutional principle at stake is sufficiently vindicated if such an employee is placed in no worse a position than if he had not engaged in the conduct. A borderline or marginal candidate should not have the employment question resolved against him because of constitutionally protected conduct. But that same candidate ought not to be able, by engaging in such conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision.

*Mt. Healthy,* 429 U.S. at 285–86, 97 S.Ct. 568.

We reject Taylor's assertion that the trial court's reliance on *Ward* in fashioning the jury instructions and special verdict form was error. Citing *Colorado Division of Employment & Training v. Hewlett,* 777 P.2d 704 (Colo.1989), and *Lanes v. O'Brien,* 746 P.2d 1366 (Colo.App.1987), Taylor argues that the three-factor test set forth in *Mt. Healthy* and followed in *Ward* applies only to unemployment benefits cases where an employee contends that his or her separation from employment resulted from his or her assertion of a constitutionally protected right. However, a closer reading of *Hewlett* and *Lanes* reveals that this is not so.

In *Hewlett,* the court noted, "The *Ward* analysis applies when an unemployment claimant contends that her separation from government employment resulted from her assertion of a constitutionally protected right, *e.g.,* her first amendment right of free speech." *Hewlett,* 777 P.2d at 707. The court then concluded that *Ward* did not apply because the claimant was not a government employee, the employer was not a government employer, the claimant did not contend that she was compelled to leave her employment because she engaged in constitutionally protected conduct, and the unemployment benefits statute provided a specific remedy for the claimant's situation. *Id.* Contrary to Taylor's argument, nothing in *Hewlett* states that *Ward's* application is limited to unemployment benefits cases involving claims of First Amendment retaliation.

Nor does *Lanes* hold that the *Ward* analysis is restricted to unemployment benefits cases where retaliatory discharge is alleged. To the contrary, the *Lanes* division acknowledged that *Ward* "suggested that the allocation of the burden of proof adopted in *Mt. Healthy* ... was a proper approach to allocating the similar burden under the [whistleblower] statute." *Lanes,* 746 P.2d at 1372. Indeed, the division in *Lanes* recognized that the employer had no affirmative defense to the whistleblower claim because there was no alternative basis for terminating the employee. We reject Taylor's argument that the division's use of the term "suggested" compels the conclusion that *Ward* should not be applied to whistleblower cases.

We note that, here, unlike in *Lanes,* the evidence gives rise to a genuine "dual motive" dispute, such as was involved in *Mt. Healthy* and *Ward:* in each case, the employee had committed several alleged derelictions and the question was whether a particular act on his part played a substantial role in his discharge. In *Lanes,* it was undisputed that the employee's employment was terminated because of his act of communicating with General Assembly members and for no other reason. *Id.* at 1370. Therefore, the burden of proof allocation set forth in *Mt. Healthy*

**250**

and *Ward* was not relevant to the division's analysis in *Lanes.*

However, here, there was evidence that Taylor's failure to comply with a prescribed process barred him from consideration for a raise and, thus, provided a legitimate basis for denying a raise, apart from retaliation. Thus, the jury was entitled to consider whether liability was barred under the *Mt. Healthy* standard, which was incorporated into the instructions. Because the jury found no liability, the existence of damages was irrelevant. We therefore reject Taylor's claim that the jury instruction and the verdict form precluded the jury from awarding him noneconomic damages apart from his lost salary.

■ We conclude that the trial court properly instructed the jury that Taylor was required to make out a prima facie case, but even if he met his burden, the University could still rebut Taylor's claim by demonstrating that it would have reached the same employment decision in the absence of the protected conduct. *See Mt. Healthy,* 429 U.S. at 287, 97 S.Ct. 568; *Ward,* 699 P.2d at 968. Therefore, the jury instructions were not conflicting or defective.

## II.

In light of our disposition above, we need not consider Taylor's remaining contention that the trial court committed error when it limited his proof of economic loss to one year and instructed the jury to consider one year of lost income only.

The judgment is affirmed.

Judge VOGT and Judge HAWTHORNE concur.