25CA0117 Anderl v Dept of Human Services 04-09-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA0117
State Personnel Board Case No. 24G58

---

Darla Anderl,

Complainant-Appellant,

v.

Department of Human Services, Wheat Ridge Regional Center,

Respondent-Appellee,

and

State Personnel Board,

Appellee.

---

ORDER AFFIRMED

Division IV
Opinion by JUDGE BERGER*
Brown and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

---

Darla Anderl, Pro Se

Philip J. Weiser, Attorney General, Jacob W. Paul, Senior Assistant Attorney General, Denver, Colorado, for Respondent-Appellee

No Appearance for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1     Complainant-Appellant, Darla Anderl, appeals the order of the State Personnel Board (the Board) dismissing her petition for a hearing. We affirm.

## I.     Relevant Facts and Procedural History

¶ 2     In August 2023, Anderl began working as a "Health Care Services Trainee II" at the Wheat Ridge Regional Center (WRRC) of the Division of Regional Centers within the Colorado Department of Human Services (the Department). Upon her hire, Anderl was a probationary employee for a twelve-month period.

¶ 3     On January 14, 2024, WRRC terminated Anderl's probationary employment. The termination letter stated that Anderl failed to properly administer medication to residents on two occasions, December 13 and 19, 2023. The letter also asserted that between November 7 and December 26, 2023, Anderl arrived late for her scheduled shift four times.

¶ 4     On January 24, Anderl petitioned the Board for an evidentiary hearing. She alleged that her termination resulted from discrimination in violation of section 24-34-402, C.R.S. 2025, of the Colorado Anti-Discrimination Act (CADA), and retaliation in

violation of section 24-50.5-103, C.R.S. 2025, of the State Employee Protection Act (Whistleblower Act).

¶ 5   Anderl also requested that the Colorado Civil Rights Division (CCRD) investigate her discrimination claim.  The CCRD did so and issued a report finding no probable cause to support Anderl's discrimination allegations.  The Board gave notice to Anderl that if she wanted to appeal the CCRD's no-probable-cause finding, she was required to file an objection within ten days of receiving the notice.  *See* § 24-50-125.3, C.R.S. 2025; Dep't of Pers. & Admin. Rule 8-20(B)(3), 4 Code Colo. Regs. 801-1.  Anderl did not timely appeal, and her discrimination claim was dismissed with prejudice.[1]

¶ 6   Anderl's appeal to the Board proceeded through the preliminary review process on her claim of retaliation in violation of the Whistleblower Act.

¶ 7   In her information sheet (a required filing under the Board Rules), Anderl asserted:

---

[1] Anderl filed a motion for an extension of time to appeal.  The Board denied the motion pursuant to Board Rule 8-20(B)(5), Dep't of Pers. & Admin. Rule 8-20(B)(3), 4 Code Colo. Regs. 801-1.  On appeal to this court, Anderl does not argue that the denial of the motion for extension of time was erroneous.

2

I have been involved in an extremely conflicted [Dependency and Neglect] case (Child Abuse and Neglect) since March of 2023. After obtaining employment with the [Department's WRRC,] . . . I chose not to disclose my employer to [the Jefferson County Department of Human Services caseworkers] as I didn't want them sabotaging anything else for me like they have previously [by] selectively omitt[ing] important details in their reports.

I became frustrated with the fact that I was good enough and able to take care of the state[']s duel diagnosed disabled individuals with special needs, yet Jefferson County Department of Human Services Child protection continued to aggressively keep my children from me (unlawfully) unless I was supervised.

On December 19, 2023, I informed case worker [S.M.] as well as [guardian ad litem] [K.M.] where I was employed. The fact that I was completely blindsided with a termination for an omissive medication error that happened more than a month prior to termination, without any corrective action [and] was allowed to continue administering medication without any increased expectations made me feel robbed of my job. It had been less than a month since I informed the Jefferson County Department of Human Services Child Protection of my employment with the [Department's WRRC]. It isn't just coincidence.

I was not fired for unsatisfactory job performance . . . . I was fired due to governmental power having the recent

3

knowledge of my employer and since they are both affiliated together, they appeared to portray as though I made massive errors that didn't get corrected.

¶ 8     The Department argued that Anderl failed to establish a prima facie case of retaliation in violation of the Whistleblower Act.

¶ 9     An Administrative Law Judge (ALJ) recommended that Anderl's request for a hearing be denied.  In support of that recommendation, the ALJ found that Anderl failed to state a prima facie case of a violation of the Whistleblower Act.

¶ 10    Specifically, the ALJ found:

> [Anderl's] comment clearly expresses a personal grievance that does not address a broader public concern.  As such, [Anderl's] comment is not the kind of disclosure that warrants protection under the Whistleblower Act.
>
> . . . .
>
> Even if [Anderl's] comment warranted Whistleblower Act protection, [Anderl] did not provide her comment/disclosure to an appropriate person as required by the Whistleblower statute.

¶ 11    Further, the ALJ found:

> Even if [Anderl] had established that protected disclosures occurred, [Anderl] failed to demonstrate that the termination of her probationary employment was taken "on

4

account of the employee's disclosure of information."  [§ 24-50-103(1), C.R.S. 2025].

. . . .

Here, [Anderl] relies on the temporal proximity between her comments concerning her Dependency and Neglect situation on December 19, 2023, and [Department]'s termination of her probationary employment on January 14, 2024[,] as evidence of a casual connection.  However, [Anderl] has provided no information that anyone at the Department . . ., and more specifically, anyone who was involved in supervising [Anderl] or making the decision to terminate her probationary employment, knew of [Anderl's] comments.  If they did not know of those comments, those comments could not have been a substantial motivating factor in the imposition of discipline.  In addition, the information the parties have offered in their Information Sheets indicates that [the Department] was justified in terminating [Anderl]'s probationary employment because of [Anderl]'s medication errors and multiple instances of tardiness.

¶ 12     The Board adopted the ALJ's recommendation and denied Anderl's petition for a hearing.

¶ 13     On appeal, Anderl contends that (1) the Board abused its discretion in determining that she failed to meet her burden to prove that her termination was retaliatory in violation of the Whistleblower Act; (2) the Department deprived Anderl of her due

5

process rights; and (3) the Attorney General's legal representation of the Board constituted a conflict of interest.  We address and reject each of these contentions.

## II.    Whistleblower Claim

### A.    Standard of Review and Applicable Law

¶ 14    The standards set forth in section 24-4-106(7), C.R.S. 2025, govern judicial review of the Board's decision.  That statute provides that an appellate court may reverse an administrative agency's order if it finds that the agency acted arbitrarily or capriciously, made a decision that is unsupported by the record, erroneously interpreted the law, or exceeded its authority.  *Id.*  If the court concludes that sufficient evidence supports the Board's finding, then the Board's action is not an abuse of discretion, and we must defer to it.  *See Lawley v. Dep't of Higher Educ.*, 36 P.3d 1239, 1252 (Colo. 2001).

¶ 15    Under the Whistleblower Act, an employer may not discipline or terminate an employee based on the employee's disclosure of protected information.  § 24-50.5-103(1).  Colorado courts analyze whistleblower claims using the three-step framework announced by the United States Supreme Court in *Mt. Healthy City School District*

6

*Board of Education v. Doyle*, 429 U.S. 274 (1977). *See, e.g., Ward v. Indus. Comm'n*, 699 P.2d 960, 967-68 (Colo. 1985); *Taylor v. Regents of Univ. of Colo.*, 179 P.3d 246, 248 (Colo. App. 2007).

¶ 16    Under this framework, claimants must demonstrate that (1) they made a protected disclosure, and (2) the disclosure was a "substantial or motivating factor" for the disciplinary action. *Ward*, 699 P.2d at 968. To be protected under the statute, the disclosure at issue must be a matter of public concern. *Ferrel v. Colo. Dep't of Corr.*, 179 P.3d 178, 186 (Colo. App. 2007).

¶ 17    Under the second step, relevant factors to determine whether the protected disclosure was a substantial or motivating factor for a termination include (1) the historical background of the employer's decision to terminate; (2) the causal nexus between the protected activity and the employer's decision to terminate; (3) the extent to which the employer departed from normal procedures or policies in reaching its decision; (4) the pretextual character of the reasons advanced for termination; and (5) the evidentiary support for the employer's asserted reasons for termination. *Johnson v. Jefferson Cnty. Bd. of Health*, 662 P.2d 463, 476 (Colo. 1983).

A probationary employee lacks a legally protected interest in continued employment sufficient to create an entitlement to a due process hearing prior to discharge . . . in the absence of a showing that the dismissal has been exacted as a penalty for the exercise of the employee's constitutionally protected rights of speech or association, or that the charges are such as to seriously damage the employee's standing and association in the community . . . that abridges the freedom to take advantage of other employment opportunities.

*Dep't of Health v. Donahue*, 690 P.2d 243, 249 (Colo. 1984).

## B. Analysis

¶ 18     The ALJ's findings of fact and the Board's reliance on those findings are supported by the record.  Anderl's statements were made to individuals involved in her dependency and neglect case and related only to her personal situation.  Therefore, Anderl's statements were not a matter of public concern and do not qualify as protected disclosures of information under the Whistleblower Act.  *See Ferrel*, 179 P.3d at 186.  Moreover, Anderl did not provide any evidence that her statements to the Jefferson County agency were known to her supervisors or appointing authority.  While Anderl contends that she submitted multiple complaints to oversight agencies including the Ombudsman, the Attorney

8

General's Office, and the Department's complaint division, addressing management issues, abuse of authority, and misuse of public funds by the Department, our review of the record does not support her contention.

¶ 19 Therefore, there was substantial evidence supporting the ALJ's findings that Anderl's statements had no bearing on and were not a substantial or motivating factor in the Department's decision to terminate her employment.

¶ 20 Anderl argues that the ALJ's findings are unsupported by competent evidence, specifically that his decision is "based on factual inaccuracies and disregards key evidence that [she] fulfilled her responsibilities, received no warnings about her performance, and was terminated soon after making protected disclosures." We disagree. The record contains substantial support for the ALJ's conclusion that the termination was motivated, not by Anderl's statements, but by her failure to meet performance standards. We may not reweigh the evidence to reach a contrary decision. *See In re Estate of Owens*, 2017 COA 53, ¶ 22.

## III. Due Process

¶ 21 Next, Anderl contends the Department violated her due process rights because it did not provide her with notice and an opportunity to respond prior to her termination. We disagree. As outlined above, our review is governed by section 24-4-106(7).

¶ 22 At the time of her termination, Anderl was a probationary employee, and therefore, she was not entitled, as a matter of due process, to a predisciplinary meeting or hearing prior to her termination. *See Donahue*, 690 P.2d at 249. Accordingly, the Department did not violate Anderl's due process rights.

## IV. Conflict of Interest

¶ 23 Finally, Anderl argues that "[t]he dual role of the Attorney General's Office creates an appearance of bias, undermining the integrity of the proceedings." Specifically, Anderl contends it is improper that "[t]he Attorney General's office represents [the Department] while also having received previous complaints from [her] on related issues, raising concerns about impartiality." We disagree.

¶ 24 The law requires the Colorado Attorney General to provide legal services for each state agency, including the Board and the

Department.  *See* §§ 24-31-101(1)(a); -111(1), C.R.S. 2025.  State agencies are not permitted to obtain outside legal representation except in limited circumstances not applicable in this case.  *See* § 24-31-111(1)-(2), (5).

¶ 25    Thus, there was nothing improper regarding the Attorney General's representation of the Board and the Department in this case.  Moreover, Anderl has not alleged any facts or provided any legal authority to support her argument that the specific circumstances of the Attorney General's representation of the Board or the Department prejudiced her.

## V.    Disposition

¶ 26    The order is affirmed.

JUDGE BROWN and JUDGE SCHUTZ concur.